PEOPLE ex rel. ZIEGER v. WHITEHEAD, Mayor, et al.

(Supreme Court, Special Term, Erie County. March 6, 1916.)

1. MUNICIPAL CORPORATIONS ⬠217—CIVIL SERVICE EMPLOYÉS—APPOINTMENT.

Civil Service Law (Consol. Laws, c. 7), § 9, relating to municipal classified service, declares that all appointments or employments shall be for a probationary term not exceeding the time fixed in the rules. Section 21 provides that an exempt fireman, having been appointed, cannot be discharged, except on charges and after a hearing, and if the position be abolished he shall be assigned to another position for which he may be fitted. An exempt fireman was appointed for a probationary period of three months. *Held*, that until the end of that period his appointment was not permanent, and he might be discharged by the appointing officer without charges being preferred; the probationary period being intended to give the appointing power authority to dismiss incompetent servants before their appointment should become permanent.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 576, 577, 579, 580; Dec. Dig. ⬠217.]

2. MUNICIPAL CORPORATIONS ⬠217—CIVIL SERVICE APPOINTMENT.

Where an employé is appointed under Civil Service Law, § 9, for a probationary period, the appointing officer may dismiss him before the expiration of the probationary period.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 576, 577, 579, 580; Dec. Dig. ⬠217.]

3. MUNICIPAL CORPORATIONS ⬠217—CIVIL SERVICE—PREFERENCES.

While by Constitution and statute Civil War veterans are given preference in appointment, irrespective of their standing on the eligible list, an exempt fireman has no such privilege, though Civil Service Law, § 21, declares he cannot be dismissed, save on charges, and in case of abolition of his position must be assigned to some other position for which he may be fitted.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 576, 577, 579, 580; Dec. Dig. ⬠217.]

Application by the People of the State of New York, on the relation of George F. Zieger, against George W. Whitehead, as Mayor, and others, for writ of mandamus. Alternative writ issued.

Michael J. Noonan, of Niagara Falls, for relator.
Robert J. Moore, of Niagara Falls, for defendants.

WHEELER, J. The relator's affidavits show that he is an exempt fireman, and state that on the 15th day of October, 1915, he was appointed to the position of a foreman in the highway department of the city of Niagara Falls, and that on January 3, 1916, he was discharged by the city officials. The relator alleges that others were

appointed to perform the work he had been doing, that he was not discharged upon charges preferred and after a hearing, and in substance claims that the city officials of Niagara Falls violated the provisions of section 21 of the state Civil Service Law in discharging him, he being an exempt fireman. The relator asks to be reinstated or assigned to such branch of the municipal service he is fitted to fill, as required by section 21 of the act in question.

[1] The opposing affidavits set up various matters by way of defense to these proceedings, and among others allege that the relator's employment as street foreman for said city began on the 23d day of October, 1915, and that pursuant to section 9 of the Civil Service Law such appointment was probationary only for the period of three months, as provided by section 1 of rule 28 of the civil service rules of the city of Niagara Falls. The position in question, it is conceded, is in the classified service of the city of Niagara Falls. The latter portion of section 9 of the act provides that:

"All appointments or employments in the classified service * * * shall be for a probationary term not exceeding the time fixed in the rules."

The time fixed by the civil service rules of Niagara Falls, it is alleged, is the period of three months. The probationary term of the relator, therefore, did not expire until the 23d day of January, 1916. On the 3d day of January, 1916, his services were dispensed with. The question thus presented is whether one serving a probationary term, being an exempt fireman, is in law entitled to the benefit of the provisions of section 21 of the Civil Service Law, or may be discharged without charges preferred or a hearing, and whether such a person has any right, in the event the position is abolished, to be assigned to other duties at a like salary, as provided by section 21.

I am of the opinion the designation of an eligible for probationary service is not tantamount to an "appointment or employment" within the meaning of section 21 of the Civil Service Law. The appointment or designation is not an absolute one. The very object and purpose of the probationary term is to supplement the labors of civil service examiners in passing on the qualifications and eligibility of the applicant for appointment, and to enable the appointing officer to ascertain and correct any mistake of himself or of the civil service commission arising from the inefficiency of a candidate certified as eligible, when he might in fact prove incompetent to discharge the duties of the place to which he might be appointed. People ex rel. Sweet v. Lyman, 157 N. Y. 368, 52 N. E. 132.

In other words, the probationary term may be said to be one of the tests required by statute in determining the efficiency of a candidate. So that, until a candidate has taken the test of a probationary term, the appointing power has the right to determine whether the candidate is acceptable, and whether or not he will make the appointment a permanent one. Until the probationary term expires and the time for a permanent appointment arrives the appointing officer may decline to make the appointment permanent. In spite of the fact that the candidate has been certified by the commission for appointment, a

few days of actual service may demonstrate the candidate's unfitness for the practical discharge of the duties of the office.

[2] I do not think, therefore, the appointing official is required to wait until the expiration of the probationary term before deciding whether the probationary appointee meets the requirements of the place or not, but may discharge the probationer or dispense with his service at any time, even before the expiration of the three months prescribed in the rules. Consequently I conclude that the relator never held the position of a highway foreman "by appointment or employment," within the meaning of section 21 of the Civil Service Law. Until, therefore, the candidate receives a permanent appointment, the appointing power is not required, before dispensing with the services of a probationer, to prefer charges and have a hearing of the applicant.

[3] In this connection it will not be out of place to call attention to the distinction between the rights of a veteran of the Civil War and a volunteer fireman. A veteran is by the Constitution and the statute given the right of preference in appointment, irrespective of his standing on an eligible list. An exempt fireman is accorded no such preference. The only right which a fireman has superior to that of others is that, when once permanently appointed, he cannot be discharged, except on charges and after a hearing, and if the position is abolished he is entitled to be assigned to some other position for which he may be fitted.

In this proceeding I reach the conclusion that if the allegations of the answering affidavits are correct, if the relator was serving a probationary term at the time his services were dispensed with, then he cannot succeed in this proceeding. In the relator's moving affidavit, however, he seems to allege and set forth an unconditional appointment. If it were not for this allegation, I should dismiss the proceeding forthwith; but, in view of the form of the relator's allegations, I am of the opinion that he is probably entitled to an alternative writ, but not to a peremptory writ, of mandamus.

So ordered.