[Civ. No. 12754. Second Appellate District, Division Two.— January 3, 1941.]

MARSHALL E. BROYLES et al., Appellants, v. THE STATE PERSONNEL BOARD et al., Respondents.

Kimpton Ellis for Appellants.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondents.

WOOD, J.—Petitioners commenced this action to compel the State Personnel Board, the Unemployment Reserves Commission and various state officers to reinstate them in their positions in the state service and to pay them salaries claimed to be due. They have appealed from a judgment denying their petition.

After taking a civil service examination petitioners were on October 1, 1937, appointed to the positions of senior interviewer, division of employment agencies, department of employment of the Unemployment Reserves Commission of the State of California at a salary of $160 per month. The trial court found that in March, 1938, and during their six months probationary period petitioners were dismissed "for reasons relating to the qualifications of each and for the good of the service and for failure to demonstrate merit, efficiency, and fitness; that notice of such action accompanied by a statement of the specific reasons therefor, truthful within the knowledge of the division of employment agencies or other person in charge of the respective petitioners, was filed by the division of employment agencies with the State Personnel Board, and a copy thereof was served upon each of the petitioners previous to the 31st day of March, 1938". On April 21, 1938, petitioners appealed to the State Personnel Board and thereafter the matter was referred to a referee to hear the evidence and report to the board. The referee conducted a hearing and filed a report upholding the dismissals. Petitioners excepted to the referee's report and on November 17, 1938, the State Personnel Board rendered its decision that each petitioner "was lawfully rejected during his probationary period". The board did not restore petitioners to the eligible list for certification to any other position.

The law governing the present appeal is to be found in the State Civil Service Act (Deering's Gen. Laws, 1937, Act 1404). Sections 122 and 123 of this act provide the reasons for and the method of the dismissal of employees during the probationary period. These sections are as follows: "Sec. 122. Any probationer may be rejected by the appointing authority during the probationary period for reasons relating to the probationer's efficiency, fitness and moral responsibility. Notice of such action accompanied by the statement of the specific reasons therefor, truthful within the knowledge of the appointing power or other officer or person in charge of the employee, shall be filed by the appointing power with the

board and a copy served upon the probationer to give effect to the rejection. Sec. 123. After investigation of the reasons for rejection of a probationer, the board may restore such rejected probationer to the eligible list for certification to any position within the class other than the position from which he was rejected.''

Petitioners complain that they were not shown the performance reports concerning their own service and were not allowed to discuss such reports with the appointing power. Section 141 of the act provides that the board "shall establish standards of employment for each class of position and a system of performance ratings based upon such standards''. Section 142 of the act provides: "Performance reports shall be filed by appointing powers at such intervals as the board may by rule provide. The rules shall provide that employees be shown the performance report covering their own service and shall be privileged to discuss it with the appointing power before it is filed''. Before the dismissal of petitioners the State Personnel Board had not adopted a rule providing that employees be shown their reports of performance before the reports were filed. We are satisfied that the failure of the board to adopt a rule providing for the showing of reports of performance to employees and the subsequent failure of the appointing authority to show the performance reports to petitioners do not justify a judgment commanding respondents to reinstate petitioners. In section 141 of the act it is provided that the board "shall administer the system and shall have the power to investigate all performance reports and to make its own reports. In case of disagreement, or upon appeal of an employee, the decision of the board shall be final''. It appears that the board did in fact investigate the performance reports of petitioners and, as provided in the act, the decision of the board is final.

Petitioners assert that the reports of performance "were not properly rated and were manifestly arbitrary, capricious and unreasonable''. The trial court found that petitioners were dismissed for failure to demonstrate merit, efficiency and fitness. We are satisfied that the evidence is sufficient to sustain this finding. Concerning one of the petitioners this comment appears in the report: "This employee has had a great deal of experience which should be beneficial to him in this work. However, we have proved he must have constant supervision or he makes many mistakes. He is

never content to do the work assigned him, for any long period of time, irrespective of the nature of the work. His interests appear to lie in other fields of endeavor.'' The comment concerning the other petitioner was similar in many respects. ■ The appointing power must necessarily be allowed to exercise discretion and personal judgment in determining whether a probationary employee shall acquire permanent status.

■ Petitioners claim that they were in fact permanent employees by reason of the fact that during the six months of their employment they were required to perform work in excess of the regular schedule of hours established by their employing authority. We find no merit in this contention. The act does not provide that the probationary period shall be for any given number of hours but it does provide that the probationary period shall be six months.

■■ Petitioners also assert that the notice of rejection was not filed within the proper time, that no sufficient reasons were given and that the action was not taken by the proper authorities. The trial court found adversely to the contentions of petitioners on these points and the evidence is ample to sustain the findings. It was shown by a resolution of the Unemployment Reserves Commission and by the testimony of its chairman that the authority to reject probationary employees was delegated by the commission to Arthur St. Clair. It also appears that Arthur St. Clair executed the reports of performance and of separation in the case of each of the petitioners. From the petitions filed herein it appears that the reports of performance and of separation were filed with the State Personnel Board on March 21, 1938. A copy of the appropriate report was mailed to each petitioner on March 17, 1938, with a letter informing him that his services would be terminated on March 31, 1938.

■ The trial court found that the petitioners' alleged claims in so far as they relate to compensation are barred by the provisions of section 52 of the State Civil Service Act. Since petitioners were legally rejected from the service and are not in position to demand reinstatement it is manifest that they cannot compel respondents to pay them salaries for the period after March 31, 1938. As regards any claim they might make for overtime services the court properly held that such a claim is barred by section 52 of the act, which provides that ''no person shall be compensated for the time subsequent

to the date'' when a cause of action arose unless such action be filed and served within 90 days ''after the same arose''. In accordance with this provision it was necessary for petitioners to file their action for overtime compensation not later than 90 days after March 31, 1938. The present action was commenced on December 19, 1938. The time for filing the action for compensation was not extended by the delay caused by the appeal to the State Personnel [8] No power vested in the board to reinstate petitioners after their rejection by the Unemployment Reserves Commission during the probationary period. In section 123 of the act it is provided that after an investigation of the reasons for the rejection of a probationary employee the board has the power to restore the employee to the eligible list for certification to another position but it cannot order his reinstatement to the position held during the probationary period. (*Stephenson* v. *Unemployment R. Com.*, 34 Cal. App. (2d) 19 [92 Pac. (2d) 931]; *Neuwald* v. *Brock*, 12 Cal. (2d) 662 [86 Pac. (2d) 1047].)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied on January 31, 1941, and appellants' petition for a hearing by the Supreme Court was denied on March 3, 1941.

