WILLIAM O. LINGRELL, PROSECUTOR, v. NEW JERSEY CIVIL SERVICE COMMISSION AND NEW JERSEY STATE HIGHWAY COMMISSIONER, DEFENDANTS.

Argued May 2, 1944—Decided May 12, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Frank I. Casey.*

For the defendants, *Walter D. Van Riper* and *Benjamin C. Van Tine.*

The opinion of the court was delivered by

BODINE, J.   The sole question in this case is whether the State Highway Commission may in a summary manner remove, during the working test period, an employee unwilling to perform his duties in a satisfactory manner without preferring charges and having a hearing before the Civil Service Commission? The answer is in the affirmative.

The pertinent portion of *R. S.* 11:12–1 is as follows: "The appointing authority shall, within * * * the test period * * * report to the chief examiner and secretary" (of the Civil Service Commission) "whether, in his opinion, the test provided by observance of the employee's work shows the employee able and willing to perform his duties in a satisfactory manner * * *."

This indicates that the sole test is an opinion formed by observation of the employee's work. It goes without saying that such opinion must be, as in this case, formed in good faith. *R. S.* 11:12–2 provides for the removal of such unsatisfactory employee. The report of the action taken is then made to the chief examiner and secretary of the Civil Service Commission. That officer if, in his judgment, the removed employee should be further considered may, with the approval of the Commission, restore his name for further re-employment in another department when a vacancy in the class occurs.

The trial, so far as it relates to the test period, was designed to afford an opportunity to observe the actual work of the employee. If not satisfactory, the employee is subject to summary removal. Any other construction would give tenure rights to one who was under observation as to whether he would make a desirable employee. Once it appearing, as in this case, that the person was unsatisfactory and must be removed his only complaint can be that he had not measured

up to the requirement of the position. When the responsibility for that condition rests with him it gives rise to no right whatever.

The writ will be dismissed, with costs.