31 N.J. Super. 300 (1954)
106 A.2d 355
WILLIAM DEVINE, APPELLANT,
v.
CITY OF PLAINFIELD AND DEPARTMENT OF CIVIL SERVICE OF STATE OF NEW JERSEY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1954.
Decided June 23, 1954.
*301 Before Judges CLAPP, SMALLEY and SCHETTINO.
Mr. Abraham Natovitz argued the cause for appellant (Mr. Jacob J. Levey, attorney).
Mr. Edward B. Sachar argued the cause for defendant City of Plainfield, as successor attorney to Mr. Charles A. Reid, former city attorney.
The opinion of the court was delivered by SCHETTINO, J.S.C. (temporarily assigned).
This cause was consolidated for appeal with the case of Devine v. City of Plainfield, Docket A-202/53 which was an action in lieu of prerogative writ.
Plaintiff was appointed a probationary policeman by defendant city on November 16, 1952. By letter dated January 30, 1953 the defendant city notified plaintiff that "by reason of unsatisfactory service as a Probationary Patrolman, your services will no longer be required after Sunday, February 15, 1953." Thereafter on February 19, 1953 the *302 police board of the council of Plainfield held a meeting "at which time a thorough review was made" of plaintiff's situation and "after lengthy consideration of the entire matter, the Board voted to adhere to its previous decision in releasing" plaintiff from the police service.
By letter dated February 23, 1953 plaintiff appealed to defendant Civil Service Commission to protect his rights, reciting therein that no reason had been given to him as a ground of his dismissal except that the police chief told him that the council had received an adverse report about plaintiff from a psychiatrist. By letter dated February 26, 1953 the Civil Service Commission informed plaintiff that the law did not provide for an appeal from a termination of service of a city probationary patrolman under R.S. 11:22-6. On October 19, 1953 plaintiff formally sought a time and place of hearing by the Civil Service Commission and received a letter dated October 29, 1953, part of which is as follows:
"This matter was considered by the Civil Service Commission at its meeting on October 27, 1953, and the request for the hearing was denied in view of the provisions of R.S. 11:22-6 which provides that appointments shall be for a probationary period of three months, and if at the expiration of such period, the conduct or capacity of the probationer is not satisfactory to the appointing authority, the probationer shall be notified in writing that he will not receive absolute appointment.
It was the Commission's conclusion that the local authorities had complied with the law and Mr. DeVine cannot be given a hearing because the law does not provide for a hearing from such determination."
Our question in issue is a very narrow but important one. Does the Civil Service Commission have jurisdiction to review the question of good faith in the failure of the city to grant absolute appointment to a probationary patrolman? In view of controlling precedent we feel compelled to answer in the affirmative. Lingrell v. N.J. Civil Service Commission, 131 N.J.L. 461, 37 A.2d 278 (Sup. Ct. 1944).
Advocates of civil service point out that its purpose *303 is to fill government positions upon a basis of merit and fitness to serve. To further this goal many statutes provide for a probationary period, usually from three to six months and, if at the expiration of such period, the probationer's conduct has not been satisfactory to the appointing authority, his employment shall be terminated. R.S. 11:22-6. The purpose and object of such provision for probation is
"to supplement the labors of civil service examiners in passing on the qualifications and eligibility of the applicant for appointment, and to enable the appointing officer to ascertain and correct any mistake of himself or of the civil service commission arising from the inefficiency of a candidate certified as eligible, when he might in fact prove incompetent to discharge the duties of the place to which he might be appointed * * * In other words, the probationary term may be said to be one of the tests required by statute in determining the efficiency of a candidate. So that, until a candidate has taken the test of a probationary term, the appointing power has the right to determine whether the candidate is acceptable, and whether or not he will make the appointment a permanent one." People ex rel. Zieger v. Whitehead, 94 N.Y. Misc. 360, 157 N.Y.S. 563, 564 (Sup. Ct. 1916); Dodd v. Van Riper, 135 N.J.L. 167, 51 A.2d 34 (E. & A. 1947).
We now shall construe R.S. 11:22-6 to determine if the Civil Service Commission denied appellant a hearing improperly. The Lingrell case, supra, points out the limitations on what is satisfactory to the appointing authority. It was there held that the State Highway Commission may summarily remove a probationer without preferring charges and without a hearing before the Civil Service Commission, because in its opinion the employee was unwilling to perform his duties satisfactorily. The Supreme Court pointed out, "It goes without saying that such opinion must be, as in this case, formed in good faith." (131 N.J.L., at p. 462). This rule was later approved by the Court of Errors and Appeals in Dodd v. Van Riper, 135 N.J.L. 167, 171 (E. & A. 1947).
Where, then, should the question of good faith, if timely and properly challenged, be reviewed? Plaintiff may use the administrative remedy which is enumerated in R.S. *304 11:25-1 providing for a summary review by the commission upon a verified affidavit of any illegal or unlawful action under "any of the provisions of this subtitle." Or plaintiff, at his election, may proceed by an action in lieu of prerogative writ. R.S. 11:25-4, amended L. 1953, c. 11, sec. 9; Board of Chosen Freeholders of Hudson County v. Brenner, 25 N.J. Super. 557 (App. Div. 1953), affirmed on opinion below, 14 N.J. 348 (1954). We note that R.S. 11:22-24 states that nothing contained in the statutes shall deny "an officer or employee of police or fire departments the right of an appeal to the commission in the manner as herein provided, nor limit, amend or repeal the provisions of section 11:22-6 of this title as to probationers."
On argument here, appellant has elected to pursue his right to appeal and hearing before the commission. It is doubtful if the court should constitute itself a monitor to control the discretion of public officers in relation to their employees. We conclude that appellant should be given the opportunity to present evidence as to the limited issue of bad faith by the city at a hearing before the Civil Service Commission. See Handlon v. Town of Belleville, 4 N.J. 99 (1950). Cf. Milliken v. Zarnow, 95 Colo. 170, 34 P.2d 84 (Sup. Ct. 1934).
Action remanded to the Civil Service Commission for proceedings in conformance with this opinion, costs of the appeal to abide the outcome of the hearing.