64 N.J. Super. 351 (1960)
165 A.2d 810
ROSA M. BRIGGS, APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1960.
Decided December 7, 1960.
*353 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Purvis Brearley argued the cause for appellant.
Mr. William L. Boyan, Deputy Attorney General, argued the cause for respondent (Mr. David D. Furman, Attorney General, attorney).
PER CURIAM.
This is an appeal from a decision of the Civil Service Commission upholding the action of the appointing authority, New Jersey State Hospital, in declining to give appellant Rosa M. Briggs a permanent appointment as instructor of nurses because her performance during her probationary period (see N.J.S.A. 11:12-1) was unsatisfactory. It is contended that appellant properly performed her duties during her working test period and was not given *354 the proper assistance or orientation to which she was entitled, so that refusal to give her permanent status at the end of the probationary period was improper. It is also urged that the introduction into evidence of certain exhibits which were irrelevant constituted reversible error.
The Civil Service Commission obviously made a careful review of the evidence and published detailed findings. These show that appellant was given sympathetic guidance during her probationary period which apparently should have been adequate for any person qualified for the position.
The action of the Commission will not be upset on review in the absence of an affirmative showing that it was arbitrary, capricious or unreasonable, or not supported by the evidence, or where the Commission has acted in disregard of the legislative policies enunciated in the Civil Service Act, R.S. 11:1-1 et seq., as amended. Greco v. Smith, 40 N.J. Super. 182, 184-5 (App. Div. 1956). The now generally accepted gauge of administrative factual finality is, as we said in Hornauer v. Division of Alcoholic Beverage Control, 40 N.J. Super. 501, 504 (1956), whether the factual findings are supported by substantial evidence. If so, they will not be disturbed on appeal. There is little we can add to the discussion of the principles which guide us in reviewing the action of administrative agencies beyond that stated in the Hornauer case.
R.S. 11:12-1, as amended by L. 1946, c. 228, provides that appointments and promotions to positions in the competitive classified service shall be for a probationary period of four months, which may be extended to six months, at the discretion of the President of the Civil Service Commission. Progress reports are to be submitted to the Commission at the end of the second and third months of this period. Before the appointing authority may declare the probationer unable to perform satisfactorily the duties of the position, it must show cause before the Commission, at which time the probationer is privileged to attend and present evidence. The Commission is to be the sole judge of *355 the facts constituting the ability of such probationer to perform satisfactorily the duties of the position sought.
It appears that appellant has mistaken the function of the probationary period. Her argument assumes that it is a period during which she should be given further training to qualify her for the position. The probationary period, however, does not have this function. Rather, it is part of the testing process, given in addition to the examination conducted by the Civil Service Department. During that period the employee must demonstrate that he is competent to discharge the duties of the position.
In Devine v. Plainfield, 31 N.J. Super. 300, 303 (App. Div. 1954), this court quoted with approval from People ex rel. Zieger v. Whitehead, 94 Misc. 360, 157 N.Y.S. 563, 564 (Sup. Ct. 1916), characterizing the purpose and object of the probationary period provided by R.S. 11:22-6, dealing with probationary periods for county and municipal employees:
"* * * to supplement the labors of civil service examiners in passing on the qualifications and eligibility of the applicant for appointment, and to enable the appointing officer to ascertain and correct any mistake of himself or of the civil service commission arising from the inefficiency of a candidate certified as eligible, when he might in fact prove incompetent to discharge the duties of the place to which he might be appointed * * *. In other words, the probationary term may be said to be one of the tests required by statute in determining the efficiency of a candidate. So that, until a candidate has taken the test of a probationary term, the appointing power has the right to determine whether the candidate is acceptable, and whether or not he will make the appointment a permanent one."
Civil Service Rule 64, par. 28, authorized by R.S. 11:15-2, further indicates the true nature of the probationary period when it defines that term to mean:
"a trial working period made a part of the selective process during which the work and conduct of the employee shall be noted by the appointing authority or his authorized agent and reported upon to him whether such employee merits permanent appointment."
*356 Manifestly, the purpose of the probationary period is to further test a probationer's qualifications. Neither the Legislature nor the Commission has given the courts any guidance in determining the extent of assistance or orientation which a probationer must receive. Undoubtedly her duties must be explained to her and she must be given reasonable opportunity to perform the duties expected of her. But this does not mean she is entitled to on-the-job training in the manner of performing her duties. This is what she must be qualified for  the proper performance of her duties as outlined by the appointing authority.
The judiciary should not become involved in the detailed administrative problems which concern the methods of assisting and orienting probationers. This is essentially the function of the appointing authority and of the Civil Service Commission, who are deemed to have the necessary expertise in these matters.
The Commission is limited in its review of the decision of the appointing authority. The only issue on appeal to the Commission from the action of such authority in cases where it has declined to make a permanent appointment at the end of the probationary period is whether the authority exercised good faith in determining that the employee was not competent to perform satisfactorily the duties of the position. Devine v. Plainfield, above, 31 N.J. Super. at page 303; Lingrell v. Civil Service Commission, 131 N.J.L. 461, 462 (Sup. Ct. 1944).
On appeal to this court, the issue is even narrower. It is merely whether there was substantial evidence to support the finding of the Commission that the appointing authority exercised good faith in permitting the judgment that the employee was not competent to perform satisfactorily the duties of the position. We need not determine the exact extent to which orientation and assistance must be given a probationer, although this factor may bear to some extent on the issue of good faith.
*357 Our reading of the entire record convinces us that the factual findings of the Commission are supported by the substantial evidence required by the cases. We see no reason for judicial interference.
The admission into evidence of certain exhibits was not prejudicial to appellant. The Commission placed no reliance on them. Their admission was not inconsistent with substantial justice, and consequently cannot constitute reversible error. R.R. 1:5-3(b).
Affirmed.