THE CITY OF TACOMA, *Respondent*, v. THE CIVIL SERVICE
BOARD OF TACOMA *et al.*, *Appellants.*

*Gene Godderis* (of *Healy & Godderis*), for appellants.

*Robert R. Hamilton, F. H. Chapin, Jr.*, and *John R. Kramer*, for respondent.

PETRIE, C.J.—The only issue presented by this appeal is whether or not the Civil Service Board of Tacoma has jurisdiction to hear and determine the issues presented by a notice of appeal filed by an employee of the City of Tacoma who alleged that he had been arbitrarily demoted to his former position during a period of probationary service in a position of higher rank.

The employee, Victor W. Kowalski, had achieved permanent status as a police patrolman. He was promoted to the rank of sergeant in the police department and, shortly prior

to completion of his probationary period, was notified that he was being returned to his former rank of patrolman. His notice of appeal to the board alleged that the appointing authority's action was arbitrary and capricious.

The board determined that it did have jurisdiction to entertain the appeal and set a date for hearing thereon. The City of Tacoma sought and was granted a writ of prohibition in superior court permanently restraining the board from holding a hearing upon Mr. Kowalski's appeal. His appeal to this court followed.

■ We start with consideration of the general purpose of a probationary period within the concept of a civil service structure. "The purpose of a probationary period is to give the appointing official an opportunity to determine whether or not the probationer is efficient and competent." *State ex rel. Moulton v. Spokane,* 174 Wash. 679, 683, 26 P.2d 89 (1933). *See also,* H. Kaplan, The Law of Civil Service 181 (1958).

There is no controlling ruling in this jurisdiction establishing the right of a probationary employee to an administrative hearing regardless of how arbitrary the dismissal or demotion may have been. Other jurisdictions and authorities writing in this field, interpreting a variety of statutory provisions, appear to recognize three separate and apparently irreconcilable rules defining the right of a probationary employee to an administrative hearing: (1) An administrative review by a supervisory board is available to determine whether or not the appointing authority acted arbitrarily, or at least to determine whether or not there was bad faith involved in the action of the appointing authority. *Devine v. Plainfield,* 31 N.J. Super. 300, 106 A.2d 355 (1954); *Maynard v. Monaghan,* 284 App. Div. 280, 131 N.Y.S.2d 556 (1954); 4 J. Dray, McQuillin on Municipal Corporations, § 12.248a, 294 (3d ed. 1968); 3 C. Antieau, Municipal Corporation Law, § 22.22, 288.37 (1971). (2) The safeguard against arbitrary action of the appointing authority is limited by the necessity of the appointing authority to obtain approval of some reviewing personnel authority

prior to demotion, but after obtaining that approval, the decision of the appointing authority is final and not reviewable. *State ex rel. Artman v. McDonough,* 132 Ohio St. 47, 4 N.E.2d 982 (1936); *People ex rel. Heffernan v. Smykal,* 13 Ill. App. 2d 342, 142 N.E.2d 133 (1957). (3) There is no administrative or judicial review of an appointing authority's action of dismissal, such action being generally left to the judgment and discretion of the appointing authority. *Broyles v. State Personnel Bd.,* 42 Cal. App. 2d 303, 108 P.2d 714 (1941); *Kelley v. School Committee,* 330 Mass. 150, 111 N.E.2d 749 (1953); *Clarke v. Miami,* 81 So. 2d 217 (Fla. 1955).

We need not concern ourselves with the rights of a probationary employee in general, however, because resolution of the precise issue before us requires interpretation of two sections of the charter of the City of Tacoma. At first blush there appears to be some inconsistency between these sections. Upon closer examination, however, we believe there is no basic inconsistency.

Section 6.12 provides, in part, as follows:

The Civil Service Board shall have the power and shall be required:

. . .

(d) To hear appeals from *any action* suspending for more than thirty days, *reducing in rank or pay,* or discharging *any employee in the classified service,* and further to hear appeals on any and *all other controversies* or matters arising out of or in connection with the Civil Service and Personnel Rules. The findings and decisions of the Board shall be reduced to writing and shall be final and binding upon all parties concerned.

(Italics ours.)

Section 6.14, after declaring that the Civil Service Board shall make and promulgate rules necessary to enforce the purpose of the civil service provisions of the charter, provides, in part, as follows:

Such rules shall among other things provide:

. . .

(f) For a period of probation not to exceed one year,

both on original and promotional appointments, before the appointment is made permanent, during which time, in the case of an original appointment, *the probationer may be* discharged, or, *in the case of a promotion, returned to a position in his former classification, by the head of the department,* board or office in which employed.

. . .

(h) For temporary employment without examination in cases of emergency and pending appointment from an eligible list, but no such temporary employment shall continue after the establishment of an eligible list for the position held.

. . .

(j) For the discipline of employees by suspension, demotion, discharge, or other actions not inconsistent with the provisions of this article; provided, that *no employee in the classified service shall be* suspended for more than thirty days, *demoted or discharged except for cause.*

. . .

(l) For the right of appeal by any employee to the Civil Service Board from any action suspending for more than thirty days, *reducing in rank or pay,* or discharging *any employee in the classified service,* and from any and all other matters arising out of or in connection with the Civil Service and Personnel Rules.

(Italics ours.)

It would be difficult to draft a broader degree of appellate review for the Civil Service Board than that provided by section 6.12 (d). Its appellate responsibility embraces "*any* action . . . reducing in rank or pay . . . *any* employee in the classified service . . .". (Italics ours.) Furthermore, section 6.14 (1) requires that the rules shall provide "For the right of appeal by *any* employee . . . from *any* action . . . reducing in rank or pay . . . *any* employee in the classified service . . .". (Italics ours.)

Nevertheless, the grant of authority to hear appeals is not unlimited. Had the citizens of Tacoma intended an unlimited grant of jurisdiction to hear all appeals they would simply have declared that the board had power to hear appeals in all "controversies or matters arising out of or in

connection with the Civil Service and Personnel Rules."
The key to the limitation of appellate authority granted by
the charter lies in the expression "any employee in the
classified service." Taken literally, that expression would
mean all employees of the City of Tacoma except those
exempt from certain restrictive provisions of the civil ser-
vice provisions by reason of being part of the "unclassified
service"[1] are *"in* the classified service."

Such a literal interpretation of the expression "any em-
ployee in the classified service" would, however, do great
violence to the total plan or scheme of the charter. That
interpretation, for example, would place temporary em-
ployees (§ 6.14(h)) within the classified service for appel-
late review purposes. Thus, even temporary employees
could not be "discharged except for cause." (§ 6.14(h) and
(j).) Similarly, such a literal interpretation would grant
the board authority, even in the *absence* of an allegation of
arbitrary or capricious action by the department head, to
hear appeals from a discharged probationary employee.
Neither the board nor Officer Kowalski contend that the
board has such authority.

■ We believe the more reasonable interpretation of
the expression "any employee in the classified service", as
used in section 6.12(d) of the charter, is that something more
than the literal meaning of the words used was intended by

---

[1]Sections 6.1 and 6.2 of the charter provide: "Section 6.1—The civil
service of the city is hereby divided into the classified and unclassified
services. The unclassified service shall consist of: (a) officers elected by
the people and persons appointed to fill vacancies in elective offices;
(b) the members of boards and commissions; (c) officers appointed by
the Mayor and Council or by boards and commissions, as provided by
law or by this charter; (d) all department heads, one confidential
secretary for the City Manager and one for the Director of Utilities,
and such other principal officers and assistants to department heads as
the Council may prescribe by the affirmative vote of not less than six
members; (e) not more than three administrative assistants or aides to
the City Manager; (f) professional personnel in the office of the City
Attorney; and (g) persons employed in a professional or scientific
capacity to conduct a special inquiry, investigation, or examination."

"Section 6.2—The classified service shall comprise all positions not
specifically included in the unclassified service."

the framers of the charter. The more logical and meaningful interpretation of section 6.12(d) is that the board has been granted authority to hear appeals from any action reducing in rank or pay any employee *who has achieved permanent status* in the classified service.[2] That interpretation preserves substantially the general scheme of the civil service program and provides meaningful significance to that portion of section 6.14(f) which declares that, in the case of a promotion, the department head may return a probationary employee to his former classification before the appointment is made permanent.

Officer Kowalski asserts additionally, however, that the grant of power "to hear appeals on any and all *other* controversies or matters arising out of or in connection with the Civil Service and Personnel Rules" is sufficiently broad to cover his appeal. We would be inclined to agree with him if the language producing such broad grant of power had not been preceded by the specific grant with regard to suspensions, demotions and discharges. Officer Kowalski would have us interpret section 6.12(d) to mean, for example, that the board could entertain an appeal from an employee who had not yet achieved permanent status and who had been suspended for less than 30 days, but that the board could *not* entertain an appeal from an employee *with* permanent status who had been suspended for less than 30 days. Such an interpretation is, of course, untenable.

Finally, Officer Kowalski contends that the trial court

---

[2]The board's own rules seem to be consistent with such interpretation. Rule 1.24.185 provides:

> *Regular* employee shall mean any employee in the Classified City Service who has been permanently appointed after serving a probationary period to a position established by appropriate legislative action and normally involving continuous year round service.

(Italics ours.)

Rule 1.24.950 provides, in part:

> Any *regular* employee in the Classified City Service may submit a written appeal to the Civil Service Board in case of suspension for more than thirty days, dismissal, or disciplinary reduction in rank or pay, or from any and all other matters arising out of or in connection with the Civil Service and Personnel Rules.

(Italics ours.)

erred in holding that a probationary appointee can be demoted summarily and arbitrarily. We do not believe that necessarily follows from the court's determination that the board has no authority to hear this appeal. Protection against arbitrary or summary action by an appointing authority is provided by that portion of rule 1.24.780 of the personnel rules of the City of Tacoma (promulgated by the Civil Service Board and adopted by ordinance by the city council), which provides as follows:

> The appointing authority shall make such periodic reports during the probationary period as the Director of Personnel requires and shall certify to the Director of Personnel, on the prescribed form, the name of each employee who satisfactorily completes the probationary period. At any time during the probationary period, the appointing authority may remove or demote an employee whose performance or adjustment is not satisfactory, provided that he shall notify the employee and the Director of Personnel of the reasons for such action.

 In other words, before a probationary employee can be demoted or returned to his permanent position, the appointing authority must notify both the employee and the Director of Personnel of the reasons why he believes the employee's performance or adjustment is not satisfactory. The real question at issue, then, is whether or not the Civil Service Board is the proper forum in which to test the sufficiency of such reasons. Unlike the superior court, the board has no constitutionally granted inherent power. It has only those powers specifically granted to it by the document which created it. As we have seen, such power does not extend to review of action reducing the rank or pay of an employee unless that employee had achieved permanent status in the position from which he is being reduced.

Judgment affirmed.

PEARSON and ARMSTRONG, JJ., concur.

Petition for rehearing denied April 5, 1972.

Review denied by Supreme Court May 24, 1972.