**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0892-17T2

IN THE MATTER OF
WILLIAM PIERCE,
CITY OF HACKENSACK,
POLICE DEPARTMENT.

_____

Argued May 14, 2019 – Decided June 28, 2019

Before Judges Gilson and Natali.

On appeal from the New Jersey Civil Service Commission, Docket No. 2015-1891.

Maurice W. Mc Laughlin argued the cause for appellant William Pierce (Mc Laughlin & Nardi, LLC, attorneys; Maurice W. Mc Laughlin and Robert K. Chewning, on the briefs).

Raymond R. Wiss argued the cause for respondent City of Hackensack Police Department (Wiss & Bouregy, PC, attorneys; Raymond R. Wiss, of counsel; Timothy James Wiss and Thomas Kevin Bouregy, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant William Pierce, a sixteen-year member of the Hackensack Police Department (Department), appeals from a final decision of the Civil Service Commission (Commission). Because we conclude the Commission's decision was neither arbitrary nor capricious, we affirm.

I.

After serving as a patrol officer for ten years and passing the sergeant's exam, Pierce was provisionally promoted to the title of sergeant, subject to his successful completion of a three-month working test period (WTP). After Pierce failed to complete successfully his WTP, the Department reduced his rank to patrol officer. Pierce filed an administrative appeal of the Department's decision, and the parties entered a settlement agreement whereby the Department agreed to re-promote Pierce to the sergeant position, and provide him with the opportunity to complete a second WTP.

At the end of the second WTP, the Department determined that Pierce failed to perform the duties of sergeant and demoted him to patrolman. Pierce filed an appeal with the Commission, which transferred the matter to the Office of Administrative Law to be heard as a contested matter before an Administrative Law Judge (ALJ).

The ALJ conducted hearings over the course of six days. During those proceedings, Pierce and four other Department police officers, Sergeant Walter Peterson and Captains Patrick Coffey, Peter Busciglio, and Timothy Lloyd, testified. The Department and Pierce also relied on documentary evidence.

The Department maintained that Pierce lacked the administrative skills necessary for a sergeant, citing his inability to multitask, and his delay in processing paperwork. In addition, the Department claimed, based on reports from other officers, that Pierce communicated with them in a condescending manner. The Department also maintained that fellow patrol officers lacked confidence in Pierce, and expressed concern how he would respond in a life-or-death situation.

For example, Coffey testified that he briefly supervised Pierce's work during his second WTP, during which time he observed and received complaints about Pierce using a condescending, "abrasive," or similar tone when communicating with subordinate patrol officers. In a memorandum evaluation of Pierce's performance, Coffey stated that he did not recommend that Pierce "be permanently promoted to the rank of Sergeant." Peterson, who the ALJ found to be "honest and credible," was primarily responsible for supervising Pierce during the WTP, and also stated he would not recommend that Pierce be

A-0892-17T2

promoted to the position of sergeant. In Lloyd's written review of Pierce's WTP, he noted that although he interacted with Pierce sporadically, based on his limited observations and conversations with other supervisors and Pierce's peers, he could not "in good consci[ence] say that [Pierce] [was] ready for the full time role as Patrol Supervisor."

Sergeant T.M. Cappadonna recounted in a memorandum that she observed Pierce during a fire incident behave professionally but he failed to "free up man-power as soon as they were no longer needed." Cappadonna concluded that Pierce was "capable of being a police sergeant," but "his shortcomings prevent him from doing so at the same time." Cappadonna explained that "[i]f there is any time left prior to his demotion date he should be made aware of them immediately and . . . given an opportunity to eliminate them."

In its July 24, 2017 initial decision, the ALJ concluded that the Department "failed to provide Pierce with adequate notice of his work performance during his . . . WTP and therefore did not exercise good faith during the WTP." Accordingly, the ALJ recommended the reversal of the Department's

4

demotion of Pierce, and that he be provided another WTP as a result of the aforementioned procedural irregularities.[1]

The ALJ faulted the Department for waiting until a week was left in his WTP before providing Pierce with written copies of his evaluation reports. Further, the ALJ criticized Coffey, who was assigned to work with Pierce during the WTP in order to evaluate his performance, yet only observed Pierce's performance on eight out of the ninety days, and failed to complete nine of twelve evaluations, many of which lacked sufficient detail. The ALJ determined these deficiencies prevented Pierce from remedying his inadequate job performance and accordingly reversed Pierce's demotion and awarded him a new WTP "so a true evaluation of his abilities can be made."

---

[1] The ALJ who presided over the trial issued an "initial decision" on February 16, 2017, which found that due to "irregularities in the procedures regarding Pierce's working test period," the Department "demoted Pierce in bad faith," and accordingly "ordered . . . Pierce be re-promoted to the rank of sergeant and be provided with a [new] working test period . . . along with costs and reasonable attorney's fees." On February 22, 2016, however, the Acting Director and Chief ALJ sent the parties a letter advising that the ALJ who had presided over the trial and authored the February 16, 2017 "initial decision" had retired, and the matter was reassigned to a new ALJ. The Chief ALJ also informed the parties that prior to her retirement, the first ALJ released the February 16, 2017 "initial decision" "accidentally" as it "was actually a draft." The second ALJ issued the July 24, 2017 initial decision that was affirmed by the Commission.

Pierce submitted a letter brief to the Commission on August 4, 2017 asserting that the ALJ failed "to include all of the required remedies [he] should be awarded . . . ." Specifically, Pierce maintained that he should be promoted to the permanent position of sergeant, without having to go through another WTP. He also argued that he should be entitled to attorney's fees, back pay, and seniority status.

In a September 7, 2017 final decision, the Commission adopted the ALJ's recommendations, findings of fact and conclusions of law, reversed Pierce's demotion, and awarded him a new WTP. The Commission determined that although Pierce "will be permitted to complete a new working test period, [he] has not obtained permanent status as a [p]olice [s]ergeant" as "the record does not adequately establish [Pierce's] satisfactory work performance." Relying on two Merit System Board decisions, the Commission denied his application for counsel fees and costs, back pay, and seniority status. As to Pierce's request for counsel fees and back pay, the Commission concluded that "sufficient cause has not been demonstrated in this matter to award back pay or counsel fees" because "it was found that [Pierce] is not entitled to a permanent appointment since he had not successfully completed his working test period." This appeal followed.

A-0892-17T2

## II.

On appeal, Pierce argues that the Commission committed error in refusing to appoint him to the position as sergeant. Next, Pierce maintains he should have been awarded back pay, seniority status, counsel fees, and costs. Specifically, he asserts that under N.J.A.C. 4A:2-1.5(b), the Commission was required to award these remedies based on the ALJ's and Commission's findings of bad faith on the part of the Department. Finally, Pierce contends N.J.A.C. 4A:2-2.12(a) also compelled an award of counsel fees and costs as he was a successful claimant because he would have "completed his working test period and remained a permanent sergeant . . . [b]ut for [HPD's] bad faith." We disagree with all of these arguments and affirm.

## III.

Our review of a decision of an administrative agency is limited. In re Herrmann, 192 N.J. 19, 27 (2007). "A strong presumption of reasonableness attaches" to agency action. In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993). Further, the Commission has "broad powers" in deciding personnel matters. City of Hackensack v. Winner, 82 N.J. 1, 18 (1980). Reviewing courts "will not upset a determination by the Commission in the absence of a showing that it was arbitrary, capricious or unreasonable, or that it lacked fair support in

7

the evidence, or that it violated legislative policies expressed or implicit in the civil service act." Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963).

A.

Pierce's first argument that the Commission committed error in failing to appoint him permanently to the position of sergeant is without merit as there was substantial credible evidence in the record to support the ALJ's and Commission's conclusion that he failed to satisfactorily complete the WTP. "The purpose of [a] [WTP] is to permit an appointing authority to determine whether an employee satisfactorily performs the duties of a title." N.J.S.A. 11A:4-15; see N.J.A.C. 4A:1-1.3 (defining "[w]orking test period" as "a part of the examination process after regular appointment, during which time the work performance and conduct of the employee is evaluated to determine if permanent status is merited"). Thus, "the actual completion of a working test period is ordinarily a basic condition of permanent employment." Cipriano v. Dep't of Civil Serv., 151 N.J. Super. 86, 90 (App. Div. 1977); see also N.J.A.C. 4A:1-1.3 (conditioning permanent appointment upon "successful completion of the working test period").

When an employee who has earned permanent appointment in a lower title serves a WTP for a higher title, but does not satisfactorily complete and perform

the duties of the higher title during the WTP, the employee is subject to demotion to the lower permanent title that he or she has retained. N.J.S.A. 11A:4-15(d); Briggs v. Dep't of Civil Serv., 64 N.J. Super. 351, 355 (App. Div. 1960); accord N.J.A.C. 4A:4-5.1(a), (c). The question of satisfactory performance is a matter typically entrusted to the Commission, and its decision in that regard generally is entitled to deference when fairly supported by the record. See Malani v. Cty. of Passaic, 345 N.J. Super. 579, 589-90 (App. Div. 2001); Briggs, 64 N.J. Super. at 354-55. "If bad faith is found by the Commission, the employee shall be entitled to a new full or shortened working test period and other appropriate remedies." N.J.A.C. 4A:2-4.3(c) (citing N.J.A.C. 4A:2-1.5 as a source of other appropriate remedies).

Although Pierce established, and the ALJ and Commission agreed, that he was entitled to a new WTP in light of the Department's procedural irregularities, the record supports the Commission's decision that he did not satisfactorily complete the WTP. For example, Coffey testified that sergeants are the first supervisors in the chain-of-command from whom patrol officers "seek guidance or assistance," and that a sergeant's duties include "giv[ing] suitable assignments and instructions to the police officers on duty," and "to treat citizens and others with uniform with courtesy and consideration." Coffey further testified that he

9

observed Pierce use an "abrasive" tone with a subordinate who Coffey believed was seeking advice, received similar complaints about Pierce's "demeanor" from officers who were "unhappy with . . . the way they felt [Pierce] was speaking to them," and received "a few complaints" from patrol officers who "weren't comfortable or confident with [Pierce] handling certain situations as a supervisor."

Specifically, Coffey stated that he believed Pierce did not multitask well, and the written report of Lloyd echoes that sentiment. As Coffey explained, if patrol officers "don't witness their direct supervisor keeping things . . . operating smoothly, they start to lose faith and lack of confidence in that individual," and when "officers become disgruntled and stop performing in their jobs" it may lead to "public safety issues and officer safety issues." In accordance with Cappadonna's memorandum, which concluded Pierce was "capable of being a police sergeant" but "his shortcomings prevent him from doing so at the same time," the Commission's decision not to award Pierce permanent appointment as a sergeant, but instead to award a new WTP for the Department to evaluate in good faith Pierce's ability to execute the duties and responsibilities of sergeant, was reasonable and not an abuse of discretion.

B.

A-0892-17T2

Next, we also reject Pierce's argument that N.J.A.C. 4A:2-1.5 entitled him to seniority status, back pay, and counsel fees and costs "based on [HPD's] bad faith." Pursuant to N.J.A.C. 4A:2-1.5(a), "[s]eniority credit may be awarded in any successful appeal." Because the Commission's decision not to award Pierce permanent appointment as a sergeant was reasonable, it follows that the Commission's decision not to award Pierce seniority credit as a sergeant was neither arbitrary nor capricious.

With respect to the other remedies, N.J.A.C. 4A:2-1.5(b) provides:

> Back pay, benefits and counsel fees may be awarded in disciplinary appeals and where a layoff action has been in bad faith. See N.J.A.C. 4A:2–2.10. In all other appeals, such relief may be granted where the appointing authority has unreasonably failed or delayed to carry out an order of the . . . Commission or where the Commission finds sufficient cause based on the particular case. A finding of sufficient cause may be made where the employee demonstrates that the appointing authority took adverse action against the employee in bad faith or with invidious motivation.
>
> [(emphasis added).]

Pierce contends the Commission "[in]correctly applied" that regulation because the ALJ found the Department's "failure to offer adequate time to remediate deficiencies in job performance during a WTP constitutes bad faith," and the Commission adopted that finding. Thus, according to Pierce, because

he demonstrated bad faith by the Department, the Commission "mistakenly limited how sufficient cause could be established to only when an appellant demonstrates that he [or she] has successfully completed his [or her] working test period." We disagree.

"Under the 'plain meaning' rule . . . , the word 'may' ordinarily is permissive and the word 'shall' generally is mandatory." Aponte-Correa v. Allstate Ins. Co., 162 N.J. 318, 325 (2000). Under N.J.A.C. 4A:2-1.5(b), the Commission "may" find "sufficient cause" to grant back pay, benefits and counsel fees upon a showing of bad faith. There is nothing in the regulation that suggests the word "may" was intended to be mandatory. Cf. Harvey v. Bd. of Chosen Freeholders of Essex Cty., 30 N.J. 381, 392 (1959).

Further, "[a]n agency's interpretation of its own regulations is entitled to substantial deference," and we generally defer to that interpretation "unless the language of the regulations is not reasonably susceptible to that interpretation." DiMaria v. Bd. of Trustees of Pub. Employees' Ret. Sys., 225 N.J. Super. 341, 351 (App. Div. 1988) (citations omitted). Clearly, the language of N.J.A.C. 4A:2-1.5(b) is reasonably susceptible to the interpretation that the Commission has discretion whether to award back pay, benefits, and counsel fees upon a showing of bad faith. We conclude the Commission reasonably exercised that

12

discretion in denying Pierce those remedies based on Pierce's failure to establish successful completion of the WTP, and its decision to grant Pierce a new WTP.

C.

Finally, we also reject Pierce's claim that N.J.A.C. 4A:2-2.12(a) entitled him to counsel fees. Pursuant to N.J.A.C. 4A:2-2.12(a), the Commission "shall award partial or full reasonable counsel fees incurred in proceedings before it and incurred in major disciplinary proceedings at the departmental level where an employee has prevailed on all or substantially all of the primary issues before the Commission." According to Pierce, he was entitled to counsel fees under that rule because he prevailed on the issue of whether the Department engaged in bad faith. We disagree.

The "procedures established by chapter 2, subchapter 2" of Title 4A of the administrative code, which includes N.J.A.C. 4A:2-2.12, are "for the appeal of major disciplinary action by permanent employees in the career service." See In re Hearn, 417 N.J. Super. 289, 303 (App. Div. 2010); accord Oches v. Twp. of Middletown Police Dep't, 155 N.J. 1, 8 (1998) (explaining that N.J.A.C. 4A:2–2.12 "specifically appl[ies] to disciplinary appeals"). "Major discipline" includes "[d]isciplinary demotion[s]," but not non-disciplinary demotions at the end of a WTP. N.J.A.C. 4A:2-2.2(a). Therefore, N.J.A.C. 4A:2-2.12(a) is

13

inapplicable to this non-disciplinary appeal. Further, the primary issue raised by Pierce before the Commission was whether he successfully completed his WTP and should therefore be promoted to the permanent position of sergeant. Pierce did not prevail on that issue. Accordingly we conclude the Commission's decision to deny counsel fees constituted a valid interpretation of its regulations and was not arbitrary, capricious, or unreasonable.

To the extent we have not specifically addressed any of Pierce's remaining contentions, it is because we find they have insufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0892-17T2