In the Matter of the Application of JACOB SUCHMAN, Petitioner, for an Order against PAUL J. KERN, President, and Others, Commissioners Constituting the Municipal Civil Service Commission for the City of New York, Defendants.

Supreme Court, Special Term, New York County, March 28, 1939.

*Albert De Roode,* for the petitioner.

*William C. Chanler, Corporation Counsel,* for the defendants.

LEVY, J. This is an application under article 78 of the Civil Practice Act to direct the civil service commission to revoke its action declaring petitioner disqualified for certification from the eligible list for appointment as patrolman in the police department.

Petitioner was placed on the eligible list in 1935. In 1937 he was certified for probationary appointment as investigator in the department of sanitation. The commission deemed the appointment from that list for such purpose to be appropriate. He is still employed in that capacity. Prior to the completion of his probationary service he was summoned before the commission to show cause why he should not be disqualified and his appointment terminated at the end of his probation. Notwithstanding several minor delinquencies and traffic violations which the commission had before it, petitioner was found qualified on June 23, 1937. Early in July, 1937, his appointment became permanent. His service in the position of investigator in the sanitation department did not remove him from the patrolmen's eligible list, although he had been appointed therefrom to another appropriate position.

On December 21, 1937, having reached a place close to the top of the list, he was summoned to the commission for further investigation. After a hearing he was rated not qualified for appointment as patrolman, but retained as qualified for certification to other appropriate positions. Upon a rehearing the commission adhered to its determination.

Notwithstanding certain formal technical denials in the answer, the facts are essentially undisputed. The action of the commission was taken either under the Administrative Code, section 434a–8.0 or under section 14 of the Civil Service Law. The former provides that previous conviction for a felony shall disqualify a person from appointment, while the latter authorizes the commission to refuse to certify an eligible " who has been guilty of a crime or of infamous or notoriously disgraceful conduct." The delinquencies charged are obviously of a petty character.

Whether the conduct of the petitioner was disgraceful so as to disqualify him might involve a consideration of the facts were it not for the following circumstances: As already observed, he has been found qualified for certification from the list to appropriate positions other than patrolman. If his conduct had been notoriously disgraceful, then the determination of the commission is inconsistent. Furthermore, the commission apparently had all the facts of the so-called delinquencies before it in 1937. There was no concealment and no subsequently occurring offenses charged. Consequently, having reached its decision on those facts, it was without power to reconsider the matter on the same facts in the absence of newly-discovered evidence. In that connection it is immaterial that in the interim the personnel of the commission had changed. It is a continuous body acting as an entity regardless of any changes occurring in its membership. As such it had authority to investigate into the character of the appointee in the light of the offenses charged. However, having once found his character vindicated for service in appropriate positions, it could not thereafter consistently determine that it was good enough for one position but not for another. Obviously, a person of established good character may be qualified for one position while certain weaknesses which he possesses disqualify him for other positions. These considerations, however, are addressed to the discretion of the appointing power. (*People ex rel. Balcom* v. *Mosher*, 163 N. Y. 32.) They are not matters within the authority of the civil service commission.

At the hearings held on December 21, 1938, and January 4, 1939, testimony was taken which is not now in the record. However, the finding that petitioner's character was good for appropriate positions other than patrolman speaks for itself, as does the attempt to review the official finding on the same state of facts. Moreover, the meagre answering affidavit indicates that there is no real issue of fact in controversy.

The petitioner is entitled to an order directing the commission to mark him qualified for certification as patrolman. Settle order.