WILLIAM DODD ET AL., PROSECUTORS-APPELLANTS, v. WALTER D. VAN RIPER, ATTORNEY-GENERAL OF THE STATE OF NEW JERSEY, AND ACTING PROSECUTOR OF THE PLEAS OF HUDSON COUNTY, RESPONDENT.

Submitted October 25, 1946—Decided January 17, 1947.

For the appellants, *Maurice C. Brigadier*.

For the respondent, *Walter D. Van Riper*, Attorney-General, *per se* (*George M. Eichler*, of counsel).

The opinion of the court was delivered by

WELLS, J.  This is an appeal from a judgment of the Supreme Court dismissing a writ of *certiorari* allowed to

review the action taken by the respondent in terminating the services of the appellants as county detectives in Hudson County.

On January 20th, 1944, the Civil Service Commission certified to Daniel O'Reagen, the then Prosecutor of Hudson County, the names of the appellants, with others, to fill fourteen vacancies in the position of county detective, Prosecutor's office. One of the conditions of such certification was stated as being "All appointments are made for a probationary period of three months." On the same date Prosecutor O'Reagen appointed the appellants as county detectives, which appointments were duly approved by the Hudson County Board of Chosen Freeholders.

On February 4th, 1944, the respondent qualified as Attorney-General of the State of New Jersey, and pursuant to such office assumed the powers and duties of Prosecutor of Hudson County, the term of Mr. O'Reagen having expired without further appointment being made. Several days later the respondent appointed four Assistant Attorneys-General and assigned them to work in the Hudson County Prosecutor's office. Thereafter these assistants executed their assigned duties continuously over a period which included the date of the action complained of in this appeal.

On April 13th, 1944, the respondent directed a memorandum to the chief of county detectives which in substance required the appellants, with others, to prepare in their own handwriting a report showing the character of work which they had been doing during the past year with a further statement of the individual's opinion as to the type of work within the office for which he felt he was best fitted. Each of the appellants prepared such a report by April 17th, the date required, and all of the reports were then submitted to the respondent. Thereafter, on April 18th, 1944, the respondent addressed a letter to each of the appellants which noted that the appointment as county detective "was for a probationary period of three months" and then stated, "I am compelled to inform you that your conduct and capacity as a detective in the office of the Prosecutor of the Pleas has not been satisfactory to me, and that you will not receive an absolute

appointment. Your services therefore will be terminated as of April 20th, 1944."

By communication dated April 24th, 1944, the respondent advised the Hudson County Board of Chosen Freeholders that the services of the appellants terminated on April 20th. This was merely a notification of termination of services, listing the names of the persons concerned, and gave no reasons for such termination. A copy of this communication was directed to the Civil Service Commission, and although some confusion appears as to handling, there is evidence to show that on September 20th, 1944, such a copy was forwarded from the Newark to the Trenton office of the Commission. There is further evidence to show that on September 21st, 1944, official approval was given for restoration of the names of the appellants to the employment list for county detectives, Hudson County, there being "no charge of incapacity or unsatisfactory service."

On May 12th, 1944, a writ of *certiorari* was allowed by the Supreme Court to review the action taken by the respondent in terminating the services of the appellants. Upon return being made to the writ and the taking of depositions this matter was heard by the court below, and on February 13th, 1946, a rule was entered dismissing the writ. It is from such judgment that this appeal is taken.

The numerous reasons given for reversal of the judgment entered below may be considered as presenting three basic contentions for the consideration of this court: (1) that the respondent had no authority to terminate the services of the appellants as county detectives; (2) that the respondent acted in bad faith and did not give the appellants a fair trial during the probationary period of employment; and (3) that the respondent did not comply with the applicable statutes and rules of the Civil Service Commission in terminating the services of the appellant. With respect to certain of the appellants who are veterans, a further contention is made that the termination of their services was contrary to title 38, chapter 16, of the Revised Statutes.

At the time that the respondent assumed the office of Attorney-General his duties were set forth in *R. S.* 52:17–2,

which provides "The attorney general shall * * *. Prosecute the criminal business of the state in a county having no prosecutor or render aid in a prosecution at the request of the prosecutor; * * *." In carrying out this particular duty the "attorney general * * * shall * * * have all the power and authority of the prosecutor of the pleas * * * ." (*R. S.* 52:17–5.) At the time that the respondent terminated the services of the appellants, his duties as Attorney-General were set forth in section 4, chapter 20, *Pamph. L.* 1944 (*R. S.* 52:17A–4), and included prosecution of the criminal business in a county having no prosecutor. This new law provides that in exercising this particular duty "the Attorney General * * * shall have all the power and authority of the prosecutor of the pleas * * * shall have all of the authority conferred by law upon the prosecutor, * * * and shall also have power to appoint such aids, investigators or other personnel and clerical assistants as he shall deem necessary." (Chapter 20, *Pamph. L.* 1944, section 5; *R. S.* 52:17A–5.)

Under the Civil Service laws the power to terminate the services of an employee during probationary employment is conferred on the "appointing authority." (*R. S.* 11:12–1, 2; *R. S.* 11:22–6.) The "appointing authority" is defined as a commission, board, person or officer having authority to make appointments. (*R. S.* 11:3–1; *R. S.* 11:19–1.) Appellants contend that although the Attorney-General, in assuming the duties of a prosecutor, has the authority to appoint "aides, investigators * * * clerical assistants," there is no specific mention of authority to appoint county detectives and it, therefore, follows that there is no authority to terminate the services of county detectives.

The statutes above cited confer upon the Attorney-General all the power and authority of the prosecutor and all of the authority conferred by law upon the prosecutor. One of the powers conferred by law upon the prosecutor of any county is the right to appoint county detectives. (*R. S.* 2:181–1.) Since the intent of the statutes is to provide for continuity of the prosecution of the criminal business in all counties, it would be most unsound to hold that the Attorney-General,

acting as a county prosecutor, does not have control over such important officers as county detectives, including the right to appoint and to terminate employment during the prescribed probationary period.

Appellants next contend that the respondent acted in bad faith when he terminated the services of the appellants and that he did not give them a fair trial during the working test period. They chiefly rely on the respondent's statements that he was wholly dissatisfied with the Civil Service examination given for these positions and that he did not believe that the appellants could efficiently perform their duties because of advanced age. They also point out that in the notice of dismissal there was no reason given for the action beyond a statement that "your conduct and capacity as a detective * * * has not been satisfactory to me."

The whole purpose of a probationary or working test period under the Civil Service system is to supplement the examining process by providing a means for testing an employee's fitness through observed job performance under actual working conditions. Such purpose is not only expressed by the pertinent legislation (*R. S.* 11:12–1), but was supported by the chief officials of the Civil Service Commission who gave testimony in this case. Thus a basic condition of permanent or absolute appointment for any Civil Service employee is the favorable opinion of the employee's fitness as formed by the appointing authority during the probationary period. As expressed by the Supreme Court in *Lingrell* v. *New Jersey Civil Service Commission,* 131 *N. J. L.* 461, "* * * the sole test is an opinion formed by observation of the employee's work. It goes without saying that such opinion must be, as in this case, formed in good faith. * * * The trial, so far as it relates to the test period, was designed to afford an opportunity to observe the actual work of the employee. If not satisfactory, the employee is subject to summary removal."

This court agrees with the appellants that an appointing authority cannot draw a conclusion of inefficiency solely from dissatisfaction with the examining process or disfavor for the ages of the persons certified for employment. These are matters that the legislature has placed within the jurisdiction

of the Civil Service Commission. However, it does appear that these appellants worked from February 4th, 1944, until April 20th, 1944, under the observation of the appellee and his assistants; that the appellee received reports from his assistants as to the performance of the appellants; and that the appellants submitted personal reports as to the type of activity in which they had been engaged for the past year. These factors would seem to indicate reasonable opportunity and method for determining efficiency of performance, and must be deemed sufficient here in the absence of any testimony adduced by the appellants to meet their burden of proving bad faith. To the same extent no fault can be found with the statements in the notice of dismissal, for it is the satisfaction or dissatisfaction of the appointing authority which determines the action taken with regard to permanent or absolute appointment.

The third basic contention of the appellants is that the respondent did not comply with the proper procedure in terminating their services. The claim is made that the respondent followed the statutes applicable to county employees (*R. S. title* 11, *subtitle* 3); that the position of county detective is governed by the statutes and rules applicable to state employees (*R. S. title* 11, *subtitle* 2 and Civil Service rule No. 46); and that the action taken by the respondent was improper and insufficient so that the rights of the appellants were prejudiced thereby.

An inspection of the proofs submitted below tends to indicate that the respondent, in terminating the services of the appellants, did purport to follow the statutes applicable to the county service. However, this of itself is not prejudicial to the appellants if there was also substantial compliance with the statutes and rules applicable to the state service, accepting appellants' contention that the position of county detective falls within the state service.

So far as they are pertinent to this appeal, it appears that the statutes and rules pertaining to the state service prescribe a working test period of four months, but the appointing authority may terminate the employment at any time during such period if in his opinion the employee is unable to per-

form the duties of his position satisfactorily. Upon effecting any termination the appointing authority is required to give written notice to the employees and is further required to give written notice of his action "forthwith" to the Civil Service Commission together with his reasons therefor. There is a further provision that the Commission, if it considers the dismissed employee suitable for employment elsewhere, may restore his name to the employment list for later certification.

A review of the testimony and proofs submitted below tend to show actual compliance with the statutes and rules applicable to the state service, except as to the written notice which must be sent "forthwith" to the Civil Service Commission giving reasons for the action taken. A written notice was sent in the form of a copy of the letter, dated April 24th, 1944, addressed to the Board of Freeholders. However, this letter was not received in the Trenton office of the Commission until September 21st, and did not state any reason for the termination of employment.

As to the delay in the delivery of the notice, the fault, if any, would seem attributable not to the respondent but to the handling between the various offices of the Commission. As to the failure to give reasons for the action, this seems to have been a benefit rather than a detriment to the appellants, for their names were immediately restored to the employment list there being "no charge of incapacity or unsatisfactory service." If the respondent properly exercised his authority in dismissing the appellants, and we have found that he did, then they had no rights to continued employment which were prejudiced by a substantial rather than a technically correct compliance with the letter of the statutes and rules.

One further question remains; namely, the applicability of *R. S. title* 38, *chapter* 16 in protecting the employment of those of the appellants who were veterans. In substance this law provides that any veteran appointed to a governmental position which does not have a term fixed by law cannot be removed except for good cause shown and after a hearing. If these statutory provisions were applied to employment under the Civil Service law it would negate the whole pur-

pose· of the prescribed probationary or working test period. On the other hand, these provisions serve an adequate purpose in protecting veterans whose employment is not covered by Civil Service. We believe that this latter alternative truly expresses the intent of the legislature, particularly in light of the special veteran's preferences contained in the statutes pertaining to the Civil Service (*R. S. title* 11, *subtitle* 4). If any additional protection should properly be given to veterans in probationary employment this·is a matter for legislative and not judicial action.

For the reasons expressed above the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, DONGES, HEHER, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McLEAN, JJ. 11.

*For reversal*—COLIE, McGEEHAN, JJ. 2.