SMITH *v.* MONTGOMERY COUNTY, MARYLAND

[No. 80, September Term, 1963.]

*Decided December 10, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*Francis J. Pelland,* with whom was *Robert E. Bullard* on the brief, for appellant.

*Douglas H. Moore, Jr., Deputy County Attorney,* with whom were *Robert G. Tobin, Jr., County Attorney,* and *Richard J. Sincoff, Assistant County Attorney,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

On December 8, 1959, the appellant was appointed a parking meter patrolwoman and assigned to the Montgomery County Police Department at Bethesda. She was on probation for one year, and her status was extended for another. On December 30, 1960, she was dismissed, upon recommendation of the Superintendent of Police and the County Manager, without written charges being filed or an opportunity for hearing by the Personnel Board.

On December 18, 1961, she filed suit for damages. Demurrer was sustained with leave to amend. She then filed a petition for mandamus to require the filing of charges and a hearing. Three days later she filed an amended declaration claiming damages for wrongful discharge and also for libel and slander. The appellee filed an answer to the petition, and later filed a demurrer to the declaration after certain preliminary motions and demands for admissions had been disposed of. The petition for mandamus was denied on July 11, 1962, but the order sustaining the demurrer without leave to amend with not filed until

April 30, 1963. The appeal from that order was entered on May 6, 1963.

The appellee filed in this Court a motion to dismiss the appeal, on the ground that the appeal should have been from the denial of the petition for mandamus and that it was not taken in time. We denied the motion, because we thought the appeal from the former order would have been premature. It seems clear that the petition for mandamus, filed in the same proceeding as the claims for damages set out in the amended declaration, was ancillary to the other relief sought. See Maryland Rule BF40 a. Under Code (1957), Art. 75, sec. 72, a judgment refusing to issue a mandamus in actions at law (with certain exceptions not here relevant) was made "subject to the same right of appeal as other final judgments * * *." This and the other sections of that subtitle (sections 61-73 inclusive) were repealed by Chapter 36 of the Acts of 1962. We find nothing in the provisions of Art. 1, or 1A added by Chapter 36 of the Acts of 1962, to the contrary. It follows, we think, that there is no longer an immediate appeal from the denial of ancillary relief by way of mandamus, but the question, of course, remains open on appeal from the final judgment in the case. We think the correctness of the ruling on the petition for mandamus is still open, even though in her appeal to this Court the petitioner has abandoned her claims for damages and only maintains her right to notice and a hearing under the Montgomery County Charter.

Art. V, sec. 1 of the Charter, as adopted in 1948, provides: "b. The county personnel board shall, subject to the approval of the county council * * *, adopt regulations not in conflict with this Charter, covering the classification of all positions in the executive and legislative branches * * *; salary and wage scales for any such position, probationary periods, promotions, and transfers; causes for removal from any such position and methods of removal * * *. Such regulations shall have the force and effect of law. Any * * * employee of the executive or legislative branches * * * who is removed shall be entitled to appeal to the board and in such event to due notice of written charges and opportunity for hearing before the board, as shall be provided in its regulations."

Pursuant to the authority granted, the Personnel Board in

1949 adopted elaborate regulations which, upon approval by the County Council, became effective and were duly included in the Montgomery County Code (1960 ed.) as sections 92-10 (a) *et seq*. Under these regulations provision was made for probationary employees and it is conceded that the procedure therein prescribed for the extension of the probationary period of the appellant was duly followed, as well as the notification of separation. Section 92-10 (a) specifically provides that "[e]ach probational employee may be subject to personnel action (i.e., transfer, lay-off, dismissal, and other personnel action) without prior notice and without the right of appeal." The appellant argues, however, that this language cannot be given effect because it is in violation of the Charter provision extending a right of appeal to "any" employee. We do not agree.

As we read the Charter provision, the right of appeal by any employee "who is removed" relates back to the clause authorizing the Board to establish probationary periods and causes for "removal from any such position and methods of removal." "Such position" in turn refers back to positions classified in the executive and legislative branches. In short, the Charter recognizes that a valid distinction may be drawn between employees obtaining permanent status as members of the classified service, and those still on probation. Indeed, the very words "probationary periods" connote authority to impose a period of trial, or practical test of capability, as a prerequisite to acceptance in the classified service. We find nothing in the regulations drawing this distinction in conflict with the Charter provisions, or the scheme of the merit system. In the absence of a conflict, of course, the regulations have the force of law. It is unnecessary to discuss the arguments, pro and con, based on the theory of administrative construction.

The regulations adopted in Montgomery County are strikingly similar to those set up for State employees in Code (1957), Art. 64A, sec. 33. See also the New Jersey statute quoted in *Dodd v. Van Riper,* 51 A. 2d 34, and the Massachusetts statute quoted in *Younie v. Doyle,* 29 N. E. 2d 137. See also the cases collected in the note 131 A.L.R. 383. The cases to the contrary cited by the appellant, *Aniello v. Marcello,* 162 A. 2d 270 (R.I.) and *State v. Duncan,* 133 P. 2d 109 (Mont.), turn on

138

statutes that plainly failed to draw the distinction we think the Charter draws, or authorizes to be drawn, in the instant case.

*Order affirmed, with costs.*