CHARRON v HANUS

1. OFFICERS—CIVIL SERVICE—JOB SPECIFICATIONS.

The establishment of job specifications is the function of a county civil service commission, and while it should give weight to the recommendations of the appointing authority, the final decision, in the absence of arbitrariness, is to be made by the commission (MCLA 38.412).

2. OFFICERS—CIVIL SERVICE—APPOINTMENT.

An appointing authority, faced with developments since a civil service job announcement and the results of an examination, may properly decide that it would not be in the public interest to fill the position.

3. OFFICERS—CIVIL SERVICE—ELIGIBILITY STANDARDS—APPOINTMENT—POLICY.

An appointing authority which opposes eligibility standards adopted by a county civil service commission for a position may object before the examination is given, but once an eligibility list is presented to the authority, its discretion is limited to making an appointment from the list of those eligible or refusing to fill the position at all; it may not defeat the legislative policy embodied in civil service by refusing to hire from the eligibility list and obtaining reexamination under slightly different eligibility standards (MCLA 38.412, 38.413).

4. INJUNCTION—CIVIL SERVICE—ELIGIBILITY LIST—APPOINTING AUTHORITY.

A judge may properly enjoin an appointing authority for a reasonable period of time from appointing a person not on an original eligibility list supplied by a county civil service com-

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur 2d, Civil Service §§ 16–18.
    Power or discretion of civil service commission in respect of classifying or grading positions in civil service, 134 ALR 1103.
[2] 15 Am Jur 2d, Civil Service §§ 1, 20, 23.
[3] 15 Am Jur 2d, Civil Service § 23.
[4] 15 Am Jur 2d, Civil Service §§ 23, 47.

mission to enable a person on the list to enforce the limitations
imposed by law on the discretion of the appointing authority.

Appeal from Wayne, Theodore R. Bohn, J. Sub-
mitted Division 1 June 10, 1972, at Detroit.
(Docket No. 11396.) Decided December 7, 1972.

Complaint by William J. Charron against Ber-
nard E. Hanus, the appointing authority of the
Wayne County Board of Commissioners, for man-
damus to compel the appointment of a candidate
on a civil service eligibility list to the position of
Assistant Legislative Agent. Summary judgment
for defendant. Plaintiff appeals. Reversed and re-
manded.

*Livingston, Gregory, Van Lopik & Higle* (by
*Gary A. Marsack),* for plaintiff.

*William L. Cahalan,* Prosecuting Attorney, and
*Aloysius J. Suchy,* Assistant Prosecuting Attorney,
for defendant.

Before: BRONSON, P. J., and LEVIN and BORRA-
DAILE,* JJ.

PER CURIAM. On December 1, 1969, the Wayne
County Board of Commissioners approved the crea-
tion of the position of Assistant Legislative Agent.
The Civil Service Commission announced a com-
petitive examination would be held to fill the
position. Among the minimum qualifications estab-
lished by the commission for those who wished to
take the examination were a college education and
at least one year of full-time, paid experience "in
an occupation directly related to the legislative
process". Only 5 of 38 applicants met these stan-

* Former circuit judge and now probate judge, sitting on the Court
of Appeals by assignment.

dards, and they took the examination. Plaintiff William J. Charron scored highest and was one of three persons on the resulting eligibility list.

The County Board of Commissioners delegated to a study subcommittee of its Supervisors' Service Bureau the tasks of interviewing the three persons on the eligibility list and recommending one of the three for the position. After conducting the interviews the subcommittee reported that it would not recommend any of the three men. Instead the members of the subcommittee expressed their belief that the one-year-of-practical-experience requirement was unnecessarily restrictive. They recommended that the Civil Service Commission be asked to cancel the existing eligibility list and issue a new job announcement which would not include the practical-experience requirement.

Charron then commenced this action seeking a writ of mandamus to compel defendant Hanus, the appointing authority, to appoint one of the three eligible candidates (including but not limited to Charron) to the position of Assistant Legislative Agent. The trial judge entered a summary judgment denying the writ.

The establishment of job specifications is the function of the Civil Service Commission. See MCLA 38.412; MSA 5.1191(12); 3 McQuillin, Municipal Corporations (3d ed), §§ 12.78–12.80. *Cf. Dodd v Van Riper,* 135 NJL 167, 171; 51 A2d 34, 37 (1947). While the commission should give weight to the recommendations of the appointing authority in establishing these specifications, the final decision, in the absence of arbitrariness, is to be made by the commission. It has not been contended that the requirement of one year of practical experience was arbitrary; such requirements have generally been upheld. See 3 McQuillin, Mu-

nicipal Corporations (3d ed), § 12.78, p 340; 15 Am Jur 2d, Civil Service, § 21, pp 483–484.

Charron relies on the statutory language that the appointing authority *"shall* forthwith appoint" (MCLA 38.413; MSA 5.1191[13]) one of the eligible persons certified by the Civil Service Commission. We are, however, of the opinion that an appointing authority, faced with developments since the job announcement and the results of the examination, may properly decide that it would not be in the public interest to fill the position. Perhaps the need for the position has disappeared, or the concept has soured in the minds of its originators, or perhaps the eligible persons are so different from the original expectations, that the appointing authority would rather let the position go unfilled. These are legitimate grounds for refusing to appoint. If we were to grant mandamus, willy-nilly, we might well be adding an unwanted and unneeded employee to the public payroll.[1]

We do not think such rigidity was intended by the Legislature, or is needed to preserve the policy embodied in civil service. Nevertheless an appointing authority cannot be allowed to defeat this policy by the simple device of refusing to hire from the eligibility list and obtaining reexamination under slightly different eligibility standards. An appointing authority which opposes standards adopted by the Civil Service Commission may object before the examination is given. Once an eligibility list is presented to the authority, its discretion is limited to making an appointment

---

[1] *Cf. Bobick v Fitzgerald,* 416 Pa 588, 592; 207 A2d 878, 881 (1965), where the Pennsylvania Supreme Court ruled: "It is within the discretion of the [appointing authority] to determine *if* and *when* police officers are to be appointed and, if such police are to be appointed, *which* person or persons is or are to be appointed subject to the statutorily imposed limitations on such power". (Emphasis by the Court.)

from the list of those eligible or refusing to fill the position at all. *Cf. State ex rel Hearty v Mullin,* 198 Wash 99; 87 P2d 280 (1939); *People ex rel Gaynor v Board of Fire & Police Commissioners,* 14 Ill App 2d 329; 144 NE2d 763 (1957); *Suchman v Kern,* 170 Misc 586; 10 NYS2d 973 (1939).

A person standing in Charron's position ought to be able to enforce this limitation through injunctive relief. A judge may properly enjoin the appointing authority for a reasonable period of time from appointing a person not on the original eligibility list. Such relief appears to be included in the relief sought by Charron in his first amended complaint, filed subsequent to the denial of mandamus. The judge refused to allow this amendment to the pleadings.

The passage of time may have rendered injunctive relief purposeless. Nevertheless, we remand to the trial court so that this aspect of the matter may be fully considered.

Reversed and remanded.