

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

December 22, 1975

The Honorable Henry Wade
District Attorney
Dallas County Government Center
Dallas, Texas    75202

Opinion No. H-753

Re:  Whether a county commissioners court can set a mandatory retirement age when the county has a civil service commission.

Dear Mr. Wade:

You have requested our opinion concerning whether a county commissioners court in a county having a civil service commission may establish a maximum retirement age of at least 65 years.  You also ask whether such an order of the court would prevail over an inconsistent regulation of the civil service commission.

Attorney General Opinions C-178 (1963) and WW-1050 (1961) ruled that a commissioners court had the power to set a retirement age for most county employees.  However, article 2372h-6, V.T.C.S., was subsequently enacted in 1971 and provides for the creation of county civil service commissions.  Such commissions are authorized to "make, publish, and enforce rules. . . relating to . . .(4) layoffs and dismissals; . . . and (7) other matters having to do with selection of employees and their advancement, rights, benefits, and working conditions. . . ."  Sec. 8(a).

In our view these provisions of article 2372h-6 are sufficiently broad to authorize a civil service commission to set a mandatory retirement age so long as it is not set lower than 65 years.  V.T.C.S. art. 6252-14.  The out-of-state cases we have discovered support this resolution.  Dodd v. Van Riper, 51 A.2d 34 (N.J. 1947); see also Karrick v. Board of Education of Findlay School District, 190 N.E.2d 256 (Ohio 1963); Wirzberger v. Watson, 114 N.E.2d 15 (N.Y. 1953); Cawley v. Board of Trustees, 76 S.E.2d 683 (W.Va. 1953).

Since the prior opinions of this office did not concern counties which had a civil service commission, and since they were based on the commissioners court's general authority over employees, we do not believe them to control your questions. Where a county has created a civil service commission, that commission has general regulatory authority over county employees. See Attorney General Opinion H-619 (1975). In our opinion this authority supplants the implied authority of commissioners courts concerning retirement ages. Thus a commissioners court in a county having a civil service commission does not have the authority to set a mandatory retirement age; that authority lies with the civil service commission.

### S U M M A R Y

In a county which has created a civil service commission pursuant to article 2372h-6, V.T.C.S., the civil service commission rather than the commissioners court has the authority to enact a mandatory retirement age for employees subject to its jurisdiction so long as such age is not set lower than 65 years.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb