DUBISKY v WAYNE COUNTY CIVIL SERVICE COMMISSION

Docket No. 53190. Submitted June 10, 1981, at Detroit.—Decided November 20, 1981.

William Dubisky's name was removed from the top spot on an eligibility list for promotion to the position of airport fire fighter. At the time he qualified for the position he was a waste treatment specialist in the employ of the Board of County Road Commissioners of Wayne County. Thereafter, the Waste Water Sewage Treatment Plant was transferred from the supervision of the road commission to that of the Wayne County Board of Commissioners. Dubisky was informed by the Civil Service Commission that his name had been suspended from the eligibility list because of the transfer of his employment to the supervision of the Board of Commissioners. Dubisky brought suit against the Wayne County Civil Service Commission and others in Wayne Circuit Court alleging wrongful removal of his name from the promotion eligibility list. The trial court, Thomas J. Brennan, J., granted summary judgment in favor of defendants, finding that plaintiff had failed to state a cause of action upon which relief could be granted. Plaintiff appeals. *Held:*

1. The applicable statute requires that a civil service vacancy be filled, whenever possible, by an "employee". When plaintiff's name was removed from the eligibility list for a position under the supervision of the road commission, plaintiff was no longer an employee of the road commission but was, rather, an employee of the Board of Commissioners. Plaintiff has no property interest in the fire-fighter position or in his place on the eligibility list and is not entitled to due process protection before his name can be removed from the eligibility list.

2. The road commission and the Board of Commissioners are two separate bodies and are separate entities for purposes of application of the county civil service act. Plaintiff is no longer

REFERENCES FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Property § 31 *et seq.*
[2] 63 Am Jur 2d, Property § 2.
[3] 15A Am Jur 2d, Civil Service §§ 29, 31, 32, 47, 53.

an employee of the road commission. In the absence of an employment relationship, plaintiff has no legitimate claim to the fire-fighter position.

Affirmed.

1. PROPERTY — PROPERTY INTERESTS.

The existence of a property interest is determined by reference to state law and to the rules and understandings that arise thereunder.

2. PROPERTY — PROPERTY INTERESTS.

The term "property" denotes a broad range of interests secured by existing rules or understandings; a person's interest in a benefit is a "property" interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement and which may be invoked at a hearing.

3. CIVIL SERVICE — PROMOTIONS — PROPERTY INTERESTS — DUE PROCESS.

A civil servant who has no property interest in a promotional position or in his place on the eligibility list for the position is not entitled to due process protections before his name may be removed from the list.

*Simpson, Moran & Burnett,* for plaintiff.

*George H. Cross,* Corporation Counsel, and *W. B. McIntyre, Jr.,* Assistant Corporation Counsel, for Wayne County Civil Service Commission.

*Robert E. Murphy* and *Michael F. Murphy,* for Board of County Road Commissioners of the County of Wayne.

Before: D. C. RILEY, P.J., and CYNAR and H. R. GAGE,* JJ.

PER CURIAM. Plaintiff brought suit against defendants for the alleged wrongful removal of plaintiff's name from a promotion eligibility list. The

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court granted summary judgment in favor of defendants. Plaintiff appeals.

Plaintiff filed his complaint, consisting of five counts, in Wayne County Circuit Court. First he alleged that defendants' removal of his name from an airport fire-fighter eligibility list violated 42 USC 1983. Next he alleged that defendants' action violated his due process rights in failing to grant a hearing. Third, plaintiff alleged a violation of the county civil service act, MCL 38.401 *et seq.;* MSA 5.1191(1) *et seq.,* and Wayne County Civil Service Commission rules and regulations promulgated under the act. Plaintiff also claimed the Open Meetings Act, MCL 15.261 *et seq.;* MSA 4.1800(11) *et seq.,* was violated. Finally, plaintiff asserted that defendants were in breach of contract. Both sides moved for summary judgment. Plaintiff argued that there was no genuine issue as to any material fact and defendants contended that the complaint failed to state a claim upon which relief could be granted.

The trial court granted defendants' motion with regard to the first three counts. By stipulation of the parties the count involving the Open Meetings Act was dismissed. The trial court's disposition of count V, plaintiff's breach of contract claim, has not been appealed to this Court. Plaintiff brings this appeal by right.

Plaintiff, a waste treatment specialist in the employ of the Board of County Road Commissioners of the County of Wayne (hereinafter road commission) since 1967, works at the Waste Water Sewage Treatment Plant. In the fall of 1977, the Wayne County Civil Service Commission announced a departmental promotional examination for the position of airport fire fighter. This position was then, and continues to be, under the supervi-

sion of the road commission. Plaintiff competed for the position by taking the prescribed tests. Based on these examinations plaintiff placed fourth on the eligibility list.

On July 1, 1978, the Waste Water Sewage Treatment Plant was transferred from the supervision of the road commission to that of the Wayne County Board of Commissioners (hereinafter board of commissioners). This action was authorized by 1957 PA 185, MCL 123.732; MSA 5.570(2). At the time of this transfer, plaintiff and his fellow employees were advised by the Labor Relations Board for Wayne County that there would be no loss of salaries and fringe benefits resulting from said transfer.

During the month of July, 1978, the three highest ranking persons on the eligibility list were offered fire-fighter positions, thus leaving plaintiff as the highest rated candidate on the list. On July 25, 1978, the Civil Service Commission was advised of the transfer of the Waste Water Sewage Treatment Plant to the supervision of the board of commissioners. On several occasions thereafter plaintiff inquired of the civil service commission as to his position on the eligibility list and was advised by employees of the commission that he maintained the highest rating on the list and would be the first to be offered any fire-fighter position that became available.

On January 5, 1979, the road commission submitted to the civil service commission a requisition for two airport fire fighters. By letter dated January 8, 1979, plaintiff was advised by the civil service commission that his name had been suspended from the eligibility list. The reason given was the transfer of his employment to the supervision of the board of commissioners. Plaintiff's re-

quest for an opportunity to appeal the civil service commission's decision was denied.

Plaintiff's arguments on appeal essentially turn on whether plaintiff can establish a property interest in his position on the eligibility list. The existence of a property interest is determined by reference to state law and to the rules and understandings that arise thereunder. *Bishop v Wood,* 426 US 341; 96 S Ct 2074; 48 L Ed 2d 684 (1976). The Supreme Court, in *Perry v Sindermann,* 408 US 593, 601; 92 S Ct 2694, 2699; 33 L Ed 2d 570 (1972), described property interests as follows:

" '[P]roperty' interests subject to procedural due process protection are not limited by a few rigid, technical forms. Rather, 'property' denotes a broad range of interests that are secured by 'existing rules or understandings.' A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." (Citations omitted.)

Plaintiff argues that his property interest arises out of the statutory scheme of the county civil service act, MCL 38.401 *et seq.;* MSA 5.1191(1) *et seq.,* and the rules promulgated thereunder. In particular, plaintiff claims that § 15 of the act created the property interest here in question. Section 15 reads in part:

"* * * Only 1 name, the highest on the list of ratings, shall be certified. The appointing authority shall then appoint the person so qualified forthwith, * * *." MCL 38.415; MSA 5.1191(15).

Plaintiff argues that the rules of the civil service commission created the eligibility list, placed him highest on the list and thus under § 15 created a

legitimate expectation of, and a property interest in, the next available fire-fighter position.

Although we sympathize with plaintiff, the argument conspicuously ignores other sections of the act which soundly defeat his claim. The very same statute plaintiff uses to support the existence of a property interest also states that the position must be filled by an "employee":

"Whenever possible, vacancies shall be filled by promotion. Promotion shall be made from among *employees* qualified by training and experience to fill the vacancy, and whose length of service entitles them to consideration * * *." MCL 38.415; MSA 5.1191(15). (Emphasis added.)

The list on which plaintiff placed "highest" was created for the airport fire-fighter position. This position is under the supervision of the road commission. Plaintiff, through the transfer of the Waste Water Sewage Treatment Plant and by his union's agreement to such transfer, is no longer an employee of the road commission. His employment is under the supervision of the board of commissioners. The county civil service act does not create in nonemployees a property interest in promotional positions. Having no property interest in the position or in his place on the eligibility list, plaintiff is not entitled to due process protections before removal of his name from the list.

Plaintiff argues that he is still an "employee" within the meaning of the act because, although not under the supervision of the road commission, he remains an employee of Wayne County. Section 27 of the act dispels the suggestion. It states in part:

"Any such board, commission, or department of the

county constituted by law a body corporate shall be considered as a separate entity in the application of the provisions of this act, and the service of such body corporate shall be separately classified and treated with regard to appointments, promotions and removals, and service records and ratings." MCL 38.427; MSA 5.1191(27).

The road commission is a body corporate and thus must be treated separately from the board of commissioners for purposes of application of the act. The fact that the road commission and the board of commissioners both contain the words "Wayne County" in their titles does not permit us to find that plaintiff is an employee within the meaning of the act.

Finally, if any doubt remains on this question, the doubt has been resolved in *Wayne County Civil Service Comm v Board of Supervisors,* 384 Mich 363; 184 NW2d 201 (1971). In that case the Michigan Supreme Court held that the Wayne County Road Commission is a body separate and distinct from the county government with respect to its employment relations:

"From as far back as PA 1909, No 283, § 10 of the county road law has authorized each board of county road commissioners to 'employ' its necessary 'servants and laborers.' The section leaves no doubt of original and present intent that each board of county road commissioners shall be the employer of its employees, and that such employees shall be employees of that same board." *Id.,* 375-376.

There can be no doubt that plaintiff is no longer an employee of the road commission. In the absence of an employment relationship, plaintiff has no legitimate claim to the fire-fighter position.

For these same reasons, there was no violation of the act when the civil service commission failed to certify "[o]nly 1 name, the highest on the list of ratings, * * *." MCL 38.415; MSA 5.1191(15).

Plaintiff would have us hold that once an eligibility list is made it becomes frozen in time, unaffected by subsequent events. With respect to changes in the list sought by the civil service commission for reasons related to the creation of the list, it is true that the list is unalterable. See, *e.g.*, *Charron v Hanus*, 44 Mich App 217; 205 NW2d 90 (1972), *Day v Gerds*, 54 Mich App 547; 221 NW2d 221 (1974). However, when removal of a name from the list occurs because of a change in the life of the individual named, such as death, retirement, or, as in the instant case, end of the employment relationship, alteration of the list is realistically required. The civil service commission has promulgated rules governing the removal of names from lists. Plaintiff has not challenged these rules. Rule 7, § 4(f) provides for removal of names under the circumstances of this case:

"SEC. 4. REMOVAL OF NAMES FROM LISTS:
"Names of eligibles shall be removed from eligible lists by operation of any of the following causes:

\* \* \*

"(f) Separation of an employee on a promotional list from the County service. During the life of the list the individual may, with the approval of the Commission, have his name reinstated to the promotional list upon return to the service."

As noted *supra*, although generically speaking plaintiff remains employed in the "county" service, service for the road commission must be classified and treated separately from service for the board of commissioners with respect to promotions. MCL 38.427; MSA 5.1191(27). There was no violation of the statutory language "[o]nly one name, the highest on the list of ratings, shall be certified" when the civil service commission failed to certify plaintiff's name.

Affirmed.