FISH v GENERAL EMPLOYEES' CIVIL SERVICE COMMISSION
FOR SHELBY CHARTER TOWNSHIP

Docket No. 64488. Submitted January 12, 1983, at Detroit.—Decided
May 3, 1983.

Alice Fish was employed by the Charter Township of Shelby as a
bus driver under a federally funded program. The township
trustees voted to retain her as a temporary employee when the
federal program was terminated. Later, the township's civil
service commission announced a position for which Fish ap-
plied. She was placed at the top of the list of eligible applicants,
but the township trustees never did fill the position. A few
months thereafter, Fish's position was terminated. The Shelby
Township Employees' Association, on Fish's behalf, objected to
the abolition of her position. After a hearing, the civil service
commission held that Fish did not qualify for status as a
permanent civil service employee because she had never been
formally appointed to her position. Plaintiff Fish sought super-
intending control in the Macomb Circuit Court, requesting
reinstatement to her position as a bus driver. The circuit court,
Kenneth N. Sanborn, J., denied superintending control and
plaintiff appeals. *Held:*

1. The township civil service rules do not limit the length of
temporary or provisional appointments. Therefore plaintiff's
position did not ripen into a permanent position merely be-
cause of the duration of her employment.

2. The township was not required to appoint one of the
applicants to the civil service position for which plaintiff was a
candidate. The township was free to let the position go unfilled.

3. The township is not estopped from denying that plaintiff is
a permanent civil service employee with full status.

4. The record does not support plaintiff's arguments that the

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 722, 723.
  5 Am Jur 2d, Appeal and Error § 880.
[2] 15A Am Jur 2d, Civil Service §§ 10-12.
[3] 15A Am Jur 2d, Civil Service §§ 29, 32.
[4] 28 Am Jur 2d, Estoppel and Waiver § 35.

township's actions prevented her from considering taking an examination for another position and that the abolition of her position was a subterfuge for replacing her with an employee more acceptable to certain trustees.

Affirmed.

1. CIVIL SERVICE — JUDICIAL REVIEW — SCOPE OF REVIEW.

A circuit court's scope of review of a final decision of a civil service commission is to determine whether the decision was supported by competent, material, and substantial evidence on the entire record.

2. CIVIL SERVICE — DISCRETIONARY POWERS.

A civil service commission, while having broad discretionary powers, may not act arbitrarily.

3. CIVIL SERVICE — APPOINTMENT TO POSITION — FAILURE TO APPOINT.

A civil service ordinance which provides that the commission shall appoint a person to an open position from a list of eligible persons does not require that an appointment be made; a commission, having announced a position and developed a list of eligible persons, may properly decide that it would not be in the public interest to fill the position and therefore refuse to appoint anyone to the position.

4. ESTOPPEL — ELEMENTS OF ESTOPPEL.

An estoppel arises where one, by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and the other rightfully relies and acts on that belief, so that he will be prejudiced if the former person is permitted to deny the existence of those facts.

*Roy W. Rogensues,* for plaintiff.

*Stewart, O'Reilly, Cornell, Lascoe & Rancilio, P.C.* (by *Edward L. Graham),* for defendants.

Before: BEASLEY, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

BEASLEY, P.J. On February 11, 1982, plaintiff,

* Circuit judge, sitting on the Court of Appeals by assignment.

Alice Fish, filed a complaint for superintending control in the Macomb County Circuit Court seeking reinstatement with back pay to her former position as a township bus driver. On May 4, 1982, the trial court, in a detailed written opinion, denied plaintiff's request for superintending control. Plaintiff appeals as of right.

On October 19, 1976, plaintiff was hired by the defendant Charter Township of Shelby as a recreational maintenance bus driver under a federally funded program. When the federally funded program was terminated in September, 1980, defendant's board of trustees voted to permit plaintiff to remain in her position as a temporary employee. On October 7, 1980, plaintiff received a "provisional appointment", which provided for a 90-day extension at the same rate of pay. Two weeks thereafter, defendant's board of trustees classified plaintiff's provisional appointment as that of a recreational/maintenance bus driver, grade 17-5, at a $16,360 salary.

On January 5, 1981, the township's civil service commission posted a notice regarding the availability of the civil service position of a Parks and Recreation Department "Senior Citizens Activities Co-Ordinator/Bus Driver", grade 15, with a salary range of $13,018 to $15,333. Three individuals, including plaintiff, applied for the position and were placed on an eligibility list, with plaintiff at the top of the list.

On January 15, 1981, defendant's personnel director, Warren Bailey, recommended to defendant's board of trustees that plaintiff be appointed to assume the newly created position, but, because there were questions concerning the classification of the position, the board, on January 20, 1981, elected to postpone rendering a decision thereon.

In fact, the board never did select plaintiff or the two other members on the eligibility list to fill the position. Under the terms of the 1980 provisional appointment as a recreational/maintenance bus driver, plaintiff continued to perform her duties.

Thereafter, the board requested that the township civil service commission create a different position in the Department of Parks and Recreation. A civil service examination was given for the new position of recreational/maintenance program assistant on October 30, 1981; plaintiff, who did not participate in the examination, asserts on appeal, and defendant does not dispute, that the new position did not entail bus driving services.

On November 30, 1981, plaintiff was notified that her provisional position would terminate at the end of the year because of the unavailability of additional federal funds. During the last board meeting of 1981, the position of senior citizens activities coordinator/bus driver was formally abolished.

On behalf of plaintiff, the Shelby Township Employees' Association filed a formal objection to defendant's abolition of the position. Thereupon, on January 13, 1982, an informal hearing was held before the township civil service commission, at which hearing plaintiff's attorney maintained that plaintiff was entitled to the status of a permanent civil service employee with concomitant "bumping rights".

The bases for this claim were: (1) since plaintiff performed the required duties of the post, defendant was estopped as a result of its inaction from denying that it had appointed her to the position; (2) the provisional appointment ripened into a permanent one when plaintiff performed the prescribed duties for a substantial period; (3) once

defendant compiled a list of three eligible candidates, it could not refuse to make an appointment; and (4) plaintiff was discriminated against by certain board members because of her political views. Plaintiff did not testify at the hearing; her case was comprised of arguments of counsel and the submission of a brief to which various exhibits were appended.

In deciding that plaintiff was not a status employee of the civil service commission, the commission, in a split decision, held that since plaintiff was never formally appointed to the position by defendant, she did not acquire civil service status.

On appeal from the circuit court's denial of her request for superintending control, plaintiff raises four issues. First, she contends that an appointing authority is required to treat as permanent an employee whose provisional appointment continues for an appreciable period of time.

A circuit court's scope of review of a final decision of the civil service commission is whether the decision was supported by competent, material, and substantial evidence on the entire record.[1] While a civil service commission has broad discretionary powers, it cannot act arbitrarily.[2]

In holding that plaintiff's provisional appointment did not ripen into a permanent position solely because of the duration of the appointment, the trial court correctly distinguished the instant matter from two New York cases[3] relied upon by plaintiff:

---

[1] *Peterson v Dep't of Natural Resources,* 392 Mich 68, 71, fn 1; 219 NW2d 34 (1974). See, generally, Davis, Administrative Law Text (3d ed), §§ 29.01-29.05, pp 525-533.

[2] *Bischoff v Wayne County,* 320 Mich 376, 385; 31 NW2d 798 (1948).

[3] *Wadsworth v Garnsey,* 62 App Div 2d 1141; 404 NYS2d 458 (1978); *Daube v Coupe,* 9 App Div 2d 260; 193 NYS2d 47 (1959).

"Both cases applied the New York Civil Service statutes, which specifically limit the time length of temporary appointments to a period of one month, absent special circumstances, in which case they are limited for longer periods of time. In the case at bar, rules 15.2 and 15.3 of the Shelby Township Civil Service Rules and Regulations do not limit the time length of temporary or provisional appointments. Therefore the court finds these cases inapposite and declines petitioner's invitation to apply them to the case at bar. A temporary or provisional appointment becomes permanent or status, pursuant to Civil Service Rule 22.1, when a person is examined, certified and *appointed* to a civil service position."

Secondly, plaintiff asserts that defendant, based on the language of Shelby Township Civil Service Ordinance No. 43, § 8, was required to appoint one of the three applicants to the senior citizens activities coordinator/bus driver position, since the employment opportunity was announced by the commission, an examination was given, and a three-member eligibility list was compiled. The foregoing ordinance provides:

"SECTION 8. Whenever a position in the classified Civil Service is to be filled, the Township Board shall notify the Commission of that fact, and the Commission shall certify the names and addresses of the three (3) candidates standing highest on the eligible list for the class to which the position belongs, and the Township Board shall forthwith appoint to the position one (1) of the three (3) persons so certified. The appointment shall be for a probationary period to be fixed by the rules. At or before the expiration of the probationary period, the Township Board, by presenting specific reasons for such action in writing, may discharge a probationary appointee, or, with the approval of the Civil Service Commission, transfer him to another department. If not discharged prior to the expiration of the period of probation, the appointment shall be deemed confirmed. To

prevent the stoppage of business or to meet extraordinary conditions or emergencies, the Township Board may make a temporary appointment until regular appointment under the provisions of this Ordinance can be made."

In *Charron v Hanus*,[4] this Court construed a statute, MCL 38.412; MSA 5.1191(12), which is similar to the above-quoted ordinance. The *Charron* Court held that an appointing authority could either select an applicant from the eligibility list or decide not to fill the position:

"Charron relies on the statutory language that the appointing authority '*shall* forthwith appoint' (MCL 38.413; MSA 5.1191[13]) one of the eligible persons certified by the Civil Service Commission. We are, however, of the opinion that an appointing authority, faced with developments since the job announcement and the results of the examination, may properly decide that it would not be in the public interest to fill the position. Perhaps the need for the position has disappeared, or the concept has soured in the minds of its originators, or perhaps the eligible persons are so different from the original expectations, that the appointing authority would rather let the position go unfilled. These are legitimate grounds for refusing to appoint. If we were to grant mandamus, willy-nilly, we might well be adding an unwanted and unneeded employee to the public payroll." (Footnote omitted.)[5]

In the within matter, defendant did not appoint an individual to assume the position of senior citizens activities coordinator/bus driver. Instead, a different and lesser ranked position, namely, recreational/maintenance program assistant, was created in the Department of Parks and Recreation. To distinguish the within matter from *Char-*

---

[4] 44 Mich App 217; 205 NW2d 90 (1972).

[5] 44 Mich App 220.

*ron, supra,* plaintiff contends that defendant created a different position in order to deprive her of occupying the senior citizens activities coordinator/bus driver position. The record does not support this claim.

Plaintiff additionally contends that, even if she did not receive a formal appointment, defendant is estopped from denying that she is a permanent civil service employee with full status, inasmuch as it allowed her to continue as a provisional appointee for a substantial period.

In *Kole v Lampen*,[6] the Supreme Court enumerated the elements of estoppel:

> "It is a familiar rule of law that an estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts."

As the trial court aptly noted, plaintiff failed to demonstrate that she detrimentally relied upon a representation made by defendant. At all times, plaintiff was aware that the continuation of her position pivoted on the availability of federal funds. She was cognizant that her appointment was provisional. Thus, the record is devoid of support for the claim that defendant is estopped from denying that plaintiff is a permanent civil service employee.

We note that plaintiff suggests in her brief on appeal that were it not for defendant's action she

---

[6] 191 Mich 156, 157-158; 157 NW 392 (1916). For comprehensive discussions on the estoppel doctrine, see Dobbs, Remedies, § 2.3, pp 41-43, and 9 Callaghan's Michigan Civil Jurisprudence, §§ 35-37, pp 47-50.

might have considered taking the examination for the recreational/maintenance program assistant post. Inasmuch as she did not testify at the civil service commission hearing, the record does not buttress the argument. Furthermore, the following passage in plaintiff's brief on appeal belies the contention that defendant's representations induced her not to take the examination:

"The board took no further formal action to appoint appellant to the position, and she continued performing the job as she had since 1976. Later in the summer of 1981, the appellee's board of trustees apparently requested the creation of another regular position in the recreation department. That position did not include 'bus driving' in its official duties and consequently appellant did not test for the job, inasmuch as her principal duty was to drive the senior citizens' bus."

We have also considered plaintiff's claim that defendant's abolition of the senior citizens activities coordinator/bus driver position was a subterfuge for replacing her with an appointee more politically acceptable to certain newly elected board members. While the trial court did not address this issue, the record at the civil service commission hearing contains, at most, allegations through the affidavit of Warren Bailey, the township supervisor, that one of the board members, Mary Holmes, had political motivations to terminate plaintiff's employment. These allegations were refuted in part by the unsworn testimony of Bailey's administrative assistant, Willa Taylor, and remarks made in response to the charges by Mary Holmes.[7] Accordingly, based on the record

_____

[7] It is noteworthy that neither plaintiff nor Bailey testified at the informal hearing. Plaintiff did not request an adjournment to secure the testimony of Bailey. Additionally, there were no assertions made that any of the civil service commissioners were prejudiced against plaintiff.

below, this claim is without merit.

The trial court's finding that the decision of the civil service commission was supported by competent, material, and substantial evidence on the entire record is affirmed.